McMahan v. Geiger, *Appellant.*

73  145
33a 210
33a 211

73  145
114 281

73  145
127 333

73  145
67a 213

73  145
76a 501

73  145
85a 666

73  145
88a 465
89a 530

73  145
d176 ²527
96a ¹303

1.  **Promissory Note.** One who signs a note after it has been delivered and after the consideration has passed between the original parties, incurs no liability thereon.

2.  **Judgment, upon what Parties Binding.** Parties to a judgment are not bound by it in a subsequent controversy between themselves, unless they were adversary parties in the original action.

3.  **Promissory Note, with Several Signers: THEIR LIABILITY AMONG THEMSELVES.** One who signs a note after others and without any knowledge or explanation as to the character in which they have signed, may assume that they are joint makers, and he will become liable either as surety or guarantor for all of them— but whether as surety or guarantor is not decided. As against him it cannot afterward be shown that one of the original signers was a surety, for the purpose of charging him as a co-surety.

*Appeal from Greene Probate and Common Pleas Court.*—HON. T. H. B. LAWRENCE, Judge.

REVERSED.

*C. W. Thrasher* for appellant.

1.   One who becomes party to a note after it has once been delivered and the consideration has passed between the original parties, incurs no liability unless there is some new consideration and a re-delivery of the note. *Williams v. Williams,* 67 Mo. 662; *Pfeiffer v. Kingsland,* 25 Mo. 66; *Green v. Shepherd,* 5 Allen 589; *Mecorney v. Stanley,* 8 Cush. 85; *Stone v. White,* 8 Gray 589; *Tenney v. Prince,* 4 Pick. 385; *Parker v. Barker,* 2 Met. 423; Parsons Mercantile Law, 66; 2 Am. Lead. Cas., 190. And the fact that he signs in the presence of the holder does not amount to re-delivery. *Williams v. Williams,* 67 Mo. 662; *McPherson v. Meek,* 30 Mo. 347. If the defendant was not liable upon the note, how could he be a co-surety with plaintiff or liable to contribution to him for payment of said note?

2.   The O'Day judgment is not a *res adjudicata* as to

10—73

any matter between the parties to this suit, and does not in any way change the relations or liabilities between plaintiff and defendant. *Miller v. Gillespie*, 59 Mo. 220; Freeman on Judg., § 158; 5 Wait's Action and Def., 188; *Anthony v. Capel*, 53 Miss. 350; *Hughes v. Hardesty*, 13 Bush 364; *s. c.*, 4 L. & E. R. 667. No question of co-suretyship or liability of defendant to plaintiff arose or was determined in the suit of O'Day, and hence the judgment in that suit leaves the relations of the parties to this suit unchanged as to each other. Freeman on Judg., (2 Ed.) § 227. This view of the subject works no hardship on the plaintiff, for he has paid no more than he would have been compelled to pay if defendant's name had never been on the note, or if defendant had successfully defended the suit by O'Day. The failure of defendant to make a defense against the suit of O'Day did not in the least increase the rights of the plaintiff or the liabilities of the defendant. And while the judgment of O'Day against defendant might have made him liable to pay the same to O'Day, it in no wise renders him liable to plaintiff as a co-surety on the note. That judgment could not of itself create a contract or liability between plaintiff and defendant which did not before exist. In that suit McMahan and Geiger were not opposing parties, and, therefore, the judgment can settle no rights, or in any way affect the relations between them.

*J. C. Cravens* for respondent.

1. The defendant is estopped by the record from denying his liability as an original maker of the O'Day note. He was sued as such, and consented to judgment being entered thereon against him jointly with the other defendants. If he had not given such consent, or had appeared and resisted judgment on the ground that he was not liable at all, or only collaterally so, then the plaintiff, McMahan, would have had a good defense. But by the action of the

defendant, Geiger, the plaintiff, McMahan, was thrown off his guard and deprived of the only defense which he could have made to the note. So that he is not only estopped by the record, but in this latter view he is also estopped *in pais*. Bigelow Estop., (2 Ed.) pp. 3, 4, and note; *Love v. Gibson*, 2 Fla. 598; *Wilson v. Boughton*, 50 Mo. 17; *Spradling v. Conway*, 51 Mo. 51.

2. The joint liability of the defendant with plaintiff, as a maker of said note, was fully and conclusively determined in the former suit, and the judgment therein is *res adjudicata* as to consideration moving the defendant to sign the same. *Wood v. Ensel*, 63 Mo. 193; *Minor v. Walter*, 17 Mass. 237; *Crispen v. Hannavan*, 50 Mo. 415; *Willard v. Whitney*, 49 Me. 235.

3. The only question open for consideration in the trial court was: " Who was the principal in said note— that is, who obtained the money ?" It being clear that Creighton was the party, then the former judgment fixed the joint liability of all, and the consequent liability of the plaintiff and defendant in this case to contribute to each other, if loss occurred.

NORTON, J.—The facts in this case are as follows : That on the 23rd day of March, 1873, one Jno. O'Day loaned to one Creighton the sum of $500, for which Creighton, at the time, executed his note, together with the plaintiff, John T. McMahan; that the money for which the note was executed was given by O'Day to said Creighton on the delivery to him of the note executed as above; that none of the money was received by said McMahan, and that the loan was made on the strength of McMahan's name; that some two or more months after the execution and delivery of the note and after consideration for it had passed, said O'Day, the payee therein, requested defendant, Geiger, to sign the note, with which request he complied; that after default in the payment of said note, O'Day brought suit thereon in the probate and common pleas court of Greene

county against said Creighton, McMahan and Geiger, and that service of the writ and petition was duly had upon Creighton and McMahan, and that Geiger made the following indorsement on the back of the writ intended for him, viz: "I hereby acknowledge service of the within writ, and waive the necessity of service by an officer, and consent that judgment be rendered against me and co-defendants on the same;" that judgment by default was rendered in said suit against all three of said defendants, for the sum of $540; that McMahan paid in 1876, in full satisfaction of said judgment, the sum of $678.60; that the note on which said judgment was rendered, is as follows:

MARCH 20th, 1873.

Six months after date, for value received, we, or either of us, promise to pay John O'Day, or order, $500, with ten per cent interest per annum, from date.

(Signed)                           J. H. CREIGHTON.
                                   JOHN F. McMAHAN.
                                   W. F. GEIGER.

McMahan brings this suit against Geiger for contribution, in which he asks judgment against him for one half the amount paid by him in satisfaction of said judgment. The trial court rendered judgment according to the prayer of the petition, from which defendant has appealed; and the sole question presented is, whether on the above facts defendant can be made liable as the co-surety of plaintiff on said note.

We think it clear, from all the authorities, that the act of Geiger in signing the note two months after its execution and delivery, and two months after the consideration had passed between the original parties thereto, did not impose upon him or create any legal obligation either to O'Day, Creighton or McMahan.

1. PROMISSORY NOTE.

Had these facts been set up in defense by Geiger in

the suit brought by O'Day on the note, no judgment could

**2. JUDGMENT. UPON WHAT PARTIES BINDING.** have been rendered against him. He, however, did not avail himself of this defense, but waived it, and consented to the rendition of judgment against him, and it is insisted that because of this action on his part he is precluded by the judgment from showing the actual relation he sustained to defendant. This position, we think, is not well taken. Mr. Freeman, in his work on judgments, (§ 23,) lays down the following rule, in speaking of the effect of a judgment, viz : " Parties to a judgment are not bound by it, in a subsequent controversy between each other, unless they were adversary parties in the original action. If A recovers judgment against B and C, upon a contract, which judgment is paid by B, the liability of C to B in a subsequent action for contribution is still an open question, because, as to it no issue was made or tried in the former suit. As between the several defendants therein a joint judgment establishes nothing but their joint liability to the plaintiff. Which of the defendants should pay the entire debt, or what proportion each should pay in case each is partly liable, is still unadjudicated ; but a judgment against two joint debtors prevents either from denying the existence and obligation of the debt, though he may still prove by any competent evidence in his power that the whole burden of the obligation should be borne by the other."

Guided by this rule, we are at liberty to consider the facts attending the transaction, in order to ascertain the

**3. PROMISSORY NOTE, WITH SEVERAL SIGNERS: their liability among themselves** true relation that defendant sustained to plaintiff, as an obligor on said note. That such relation is not that of co-surety, we think is clear, inasmuch as Geiger's signature was not procured by the request of either Creighton or McMahan. When the note, two months after the consideration had passed, and after its execution and delivery by Creighton and McMahan, was presented by O'Day, the payee, to Geiger for his signature, without any explanation having been

made to him, that Creighton was the principal and Mc-Mahan simply a security, Geiger had a right to rely on the legal principle that Creighton and McMahan were *prima facie* principals, and his signature thereto, under the circumstances, did not attach to him the liability of a co-surety to McMahan, but the liability either of a guarantor or of a surety to Creighton and McMahan as principals, and which of these relations it established, if either, it is not necessary for the purposes of this case to determine. Had the facts been explained to Geiger when the note was presented to him for his signature—that Creighton was principal and McMahan his surety, he might have declined to sign the note as security for Creighton, when, in the absence of such explanation, and relying upon the legal principle that both were *prima facie* principals, he was willing to become bound as the security for both. McMahan's liability for the payment of the whole debt, with the right to look only to Creighton for reimbursement, had fully attached and became complete two months before Geiger signed the note, and without any reference thereto, and in paying off the judgment, McMahan did nothing more than he originally contracted to do. To allow him, (as the judgment in this case does,) to cast off half the burden thus assumed on to Geiger, would be to grant him a right which did not exist at the time he incurred the obligation, and to impose on Geiger an obligation to McMahan which he never assumed. For the reason herein given, the judgment will be reversed, in which all concur.