THE STATE BANK OF ST. LOUIS V. BARTLE *et al.*
*Appellants.*

Division One, February 27, 1893.

1. **Indorser:** COLLATERAL SECURITY: NEGLIGENCE. Where a creditor accepts a deed of trust as collateral security for notes upon which another is indorser for the purpose of protecting such indorser and also to procure additional security on the notes, such creditor is bound to carefully and faithfully perform all acts necessary to make the security available.

2. **Surety:** SECURITY: NEGLIGENCE. The creditor owes such duty to the surety, and, if by his neglect, *e. g.*, omission to record the deed of trust, such security is lost, the surety will be discharged to the extent he is thereby injured.

3. ——: ——: ——: PREMATURE DEFENSE. The surety, in an action against him by the creditor on the notes, cannot avail himself of such neglect as a defense until the loss resulting therefrom has been definitely ascertained and settled.

4. **Res Judicata.** A judgment against two defendants jointly, in a suit in which they are not adversary parties, is not conclusive as between them as to the matters litigated in the suit.

5. **Note:** INDORSER: WAIVER. A written unconditional promise to pay a note of which such promisor is indorser constitutes a waiver by him of demand and notice.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Smith & Harrison* for appellant.

(1) The circuit court erred in excluding evidence under the seventh defense of defendant Bartle's answer, and in ruling that said seventh defense constituted no defense to this action. *Wulff v. Joy*, 7 Q. B. 756; *Capel v. Butler*, 2 Simons and Stewart, 457; *Straton v. Rastall*, 2 Durn. & East's Rep. 366; *Burr v. Boyer*, 2 Neb. 265; *Muirhead v. Kirkpatrick*, 9 Harris, 237-241;

*Pickens v. Yarborongh*, 26 Ala. 417; *Watson v. Alcock*, 19 English Law & Equity, 64, 239; *Word v. Morgan*, 5 Sneed, 79; 2 White & Tudor's Leading Cases in Equity [4 Am. Ed.] 309; 2 American Leading Cases [5 Ed.] 403. (2) The circuit court erred in refusing to submit the question of fact to the jury as to whether the defendant Bartle ever waived demand, notice and protest on the $6, 500 note, the subject-matter of the third count of the petition. (3) The court erred in giving instructions numbers 1, 2 and 3. (4) Defendant Bartle was not deprived of the right to litigate and have determined in this suit, as between him and the plaintiff bank, every defense which Bartle had to the notes in plaintiff's hands. Bartle and the State Bank were not adversary parties in the suit of the *Bank v. Bank*. They were co-defendants. "Parties to a judgment are not bound by it in a subsequent controversy between each other, unless they were adversary parties in the original action." 1 Freeman on Judgments [4 Ed.] sec. 158, and cases cited. *McMahon v. Geiger*, 73 Mo. 145. (5) Bartle had the legal right to aver and prove what the real facts were as between him, as surety, and the plaintiff bank, as creditor, whereby the collaterals were lost. (6) The judgment in the case of the *Central Bank v. Doran & Bartle*, the plaintiff, could be used by Bartle a surety as evidence showing that the collaterals were lost while at the same time said Bartle had the legal right to aver and prove, as between him and the State Bank, that said loss occurred on account of the negligence and want of care on the part of the State Bank with reference to said collaterals, and not otherwise.

*J. G. Chandler* for respondent.

(1) The matter pleaded under the sixth and seventh defenses of the answer constituted no defense

to the respondent's suit.    Every act charged against respondent in the record of the Cooper county suit as pleaded was shared in by Bartle.    (2) The defendant could not in the same plea charge that the failure to record was all the fault of the bank, and also set forth and charge the allegation of the Cooper county record that he himself was with the bank a party to the agreement by and under which (as alleged) the deed was not recorded.    (3) The defendant could not ground a defense upon the validity and finality of a judgment, which he showed by his plea he denied the validity and finality of by appealing therefrom to the supreme court.    He could not base a defense upon the judgment and impeach it at the same time.    (4) The seventh defense pleaded shows no loss incurred by defendant Bartle.    (5) The waiver of demand, notice and protest of the $6,500 note was complete by the contract of February 21, 1888, and defendant Bartle's admission.

MACFARLANE, J.—This suit is in three counts, upon three promissory notes against B. F. Doran as maker and Wm. G. Bartle as indorser.

Defendant Doran answered, but made no active defense.

Defendant Bartle answered in seven several defenses.    Only one defense made at the trial applied to all the notes, and may be stated in substance as follows:

That defendant Bartle indorsed the notes sued on as security for Doran; that Doran as collateral security delivered to plaintiff a note for $20,000 and two deeds of trust to secure the same, one on land in Cooper county and one on land in Morgan county.    The plaintiff agreed to safely hold, keep and manage such collaterals for the protection of him as surety, as well

as for its own security; that the plaintiff neglected to have said deeds recorded, as its duty required, for more than a year after their execution and delivery.

That the Central National Bank of Boonville commenced a suit in the circuit court of Cooper county against said State Bank, Bartle and Doran charging that, in reliance on the apparently unincumbered real estate of Doran in Cooper county, it had extended him credit, as an active trader in cattle, to an amount equal to the value of the said land, and the existence of the deed of trust thereon was unknown to it; that said deed of trust was withheld from the record pursuant to a fraudulent agreement between the State Bank, Bartle and Doran not to record it so that the credit of Doran should not be impaired; that withholding the deed from the record and concealing its existence, misled said Central Bank to give him credit; that it had obtained judgment on notes for money so loaned for $21,225.50 and prayed that said deed of trust be canceled and said lands subjected to the payment of said judgment; that the bank and Bartle answered said petition and denied its allegations, and upon a trial judgment was rendered postponing the lien of said deeds of trust to the lien of said judgment, and that said State Bank and Bartle appealed from said judgment.

The answer then charges that, as between the State Bank and defendant Bartle, the facts are that said collaterals were lost wholly by the negligence of plaintiff, said State Bank, in carelessly failing to record said deed in violation of its agreement and duty to defendant Bartle as surety to defendant Doran.

On the trial the court on objection by defendant refused to admit any evidence on this defense, and on its own motion instructed the jury to find for the plaintiff on each count of the petition.

The third count was on a note made by Doran for $6,500, dated December 20, 1886, payable to Bartle on demand and indorsed and delivered to plaintiff. On this note over the indorsement by Bartle was written a waiver of presentment, demand, notice and protest. The answer to this count denied that indorsement.

I. If the deed of trust was delivered to plaintiff, as collateral security for the notes upon which defendant Bartle was accommodation indorser, with a view, as charged in the answer, of protecting the indorser, as well as affording additional security to plaintiff, then it became its duty to carefully and faithfully perform all acts necessary to make the collateral security available. This duty it owed to the surety, and, failing in it, by which the collateral is lost, the surety will be discharged to the extent he is thereby injured. *Taylor v. Jeter*, 23 Mo. 250; Brandt on Suretyship, secs. 384–387; *Kemmerer v. Wilson*, 31 Pa. St. 110; *Pickens v. Yarborough's Adm'r*, 26 Ala. 417; *Grisard v. Hinson*, 6 S. W. Rep. (Ark.) 906.

II. The deed of trust was void, except between the parties thereto and purchasers and incumbrancers with notice thereof, until duly recorded. The duty, then, clearly devolved upon plaintiff, if the deed was intrusted to it for the purposes charged in the answer, to see that it was recorded and given full force and effect. If it neglected this duty and defendant was himself without fault or neglect, he as surety, should be exonerated to the extent of the injury. Brandt on Suretyship, sec 389, and cases cited. *Wulff v. Jay*, 7 L. R. Q. B. 756; 2 White & Tudor's Leading Cases in Equity, 309; *Burr v. Boyer*, 2 Neb. 265.

III. Again it is insisted that, since the proceedings and judgment of the circuit court of Cooper county in favor of the Central National Bank and against the parties to this suit found and adjudged

that said deed of trust was fraudulently kept from the record under an agreement and collusion of said parties, that, therefore, defendant Bartle, as between himself and plaintiff, the State Bank, is conclusively bound by said judgment and cannot call it in question in his defense to this suit.

It will be observed that in the suit of said Central Bank all the parties to this suit were defendants. It might well be that, as to the rights of other creditors of Doran, the State Bank and Bartle would both be bound by the individual act or omission of either, and, as between themselves, the one committing the wrong or neglect would be liable over to the other. The rule, therefore, is that when the parties to a suit were not adversaries under the pleadings, the judgment against them jointly does not conclude either so as to prevent him from showing in a contest between themselves that the obligation should be borne by the other. *McMahan v. Geiger*, 73 Mo. 148; Freeman on Judgments [4 Ed.] sec. 158.

IV. By his answer Bartle states that both he and the plaintiff had appealed from the judgment of the Cooper county circuit court postponing the deed of trust to the judgment of said Central Bank to the supreme court of the state, where the case is still pending. The answer charged that, "if the claim of the Central National Bank should be held by the supreme court to be prior and superior to the lien of the deed of trust, then it would become so by reason of the negligence of the State Bank."

It appears from this allegation that the loss of the security, afforded by the deed of trust, is not yet fixed and determined, but that the question is still contested by both plaintiff and defendant Bartle.

As will be seen from the authorities cited on other points, the loss of collaterals, by the negligence or

wrong of the creditor, does not have the effect of discharging the surety altogether, but only to the extent of the loss incurred. It is very clear, then, that the defense to these notes, charging the loss of the security by reason of the negligence of plaintiff, is premature. The right of defendant to exoneration depends upon his actual loss from a negligent or fraudulent failure to record the deed. Until, then, the loss of the security is conclusively settled and the extent of the injury therefrom can be ascertained, this defense cannot be maintained, no more than could a suit for damages for the neglect.

V. It was shown by defendant Bartle that the written waiver of presentment, demand, notice and protest on the $6,500 note was in the handwriting of Mr. Parsons, president of plaintiff bank. He testified that it was written with the knowledge and consent of defendant Bartle. Defendant testified that the note had no such indorsement on it when delivered to the bank, and he knew nothing about when it was made. Plaintiff then introduced two written contracts between it and Bartle, one dated in February, 1888, and the other in June of the same year. The former provided for the sale of the lands in Cooper county under deeds of trust, the purchase thereof by the bank, and conveyance by it to Bartle upon payment of said notes. Said agreements had the following stipulations: "And the said William G. Bartle agrees that he will pay said notes, upon which he is indorser as aforesaid, at such time or times as the said association shall call for the payment of the same." "The intention of this agreement being * * * to secure the payment of the indebtedness of said Doran to said association from said William G. Bartle upon his indorsements aforesaid." The preamble to the contract had already recited that Bartle was indorser on all these notes.

This contract was signed by Bartle and the bank. Mr. Bartle then testified that when these contracts were signed by him he knew the bank held the $6,500 note, and that it was one of the notes referred to in the contract. The court thereupon held that under the pleadings, which only put in issue the waivers indorsed on the note, defendant could not go behind this agreement to show what claim the bank had been making against him in relation to that note. The court instructed the jury to find for plaintiff the amount due on said note.

We think the court ruled correctly. The issue was whether or not defendant had waived demand and notice. The unconditional promise to pay this note, which is stipulated in the written contract, and which defendant admits he made, is, of itself, an implied waiver of demand and notice. This promise is binding on Bartle, and "removes entirely the effect of any negligence in making the demand or in giving the notice." *Salisbury v. Renick*, 44 Mo. 558; *Sigerson v. Mathews*, 20 How. (U. S.) 496; *Harness v. Savs. Ass'n*, 46 Mo. 359. Judgment affirmed. All concur.