JOHN L. CARMODY, Appellant, v. MICHAEL HAN-
ICK, Respondent.

St. Louis Court of Appeals, November 20, 1900.

1. **Estoppel:** PARTIES: MUTUAL INTERESTS: ISSUES ADJUDI-
CATED.    Where the interests of parties in the prosecution of a
suit are mutual, although the suit is in the name of one of the par-

ties, both are represented and both are equally estopped to deny any of the issues adjudicated therein in any suit between them jointly or singly on the one side and the same defendant on the other side.

2. ———: ———: ADVERSE INTERESTS: REFEREE, FINDINGS OF: JUDGMENT, RECITALS IN. But the converse of this proposition does not follow that they are estopped in a controversy between themselves to deny the correctness of the findings of the referee or of the recitals in the judgments.

Appeal from the St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

REVERSED AND REMANDED.

*Wm. F. Woerner* and *A. H. Robbins* for appellant.

(1) Where one owes another an individual and a partnership account and makes general payments without directing a special application, and the payments amount to more than the individual account, the law upon principles of equity will apply the balance on the partnership account, although the creditor, being without definite knowledge of the standing of the two accounts, gave the debtor credit for all payments on his individual account. Robie v. Briggs, 59 Vt. 443. (2) The defendant Hanick stands in the attitude of an agent or trustee to Scott's moiety of the joint claim, and the law will not permit him to work an injustice against Scott by his refusal to credit him with any part of the money collected from Taylor. Colby v. Copp, 35 N. H. 434; Cole v. Trull, 9 Pickering, 325; Richards v. Ins. Co., 43 N. H. 263; Ely v. Bush, 89 N. Car. 358. (3) Payment to Hanick, one of the two joint claimants, was payment on the joint debt and properly applicable thereon. In fact it could not be applied to anything else. Robie v. Briggs, 59 Vt. 443;

Henry v. Mt. Pleasant Co., 70 Mo. 500; Ridge v. Ins. Co., 64 Mo. App. 108. (4) Since Hanick by express agreement prosecuted the case against Taylor for the joint benefit of himself and Scott, appearing therein for both, the application of the $500 made by referee and court therein is binding on Hanick in both his individual and representative capacities, and it makes no difference that Scott's name is not in the record in that suit. Corcoran v. Ches. Co., 94 U. S. 741; Strong v. Ins. Co., 62 Mo. 289; Wood v. Ensel, 63 Mo. 193; Freem. Judg., sec. 174.

*C. R. Skinker* for respondent.

(1) That such settlements as that evidenced by the paper of April 20 are binding upon the parties until impeached for fraud or mistake is well settled. Pickel v. St. Louis Chamber of Commerce, 10 Mo. App. 191; Gibson v. Hanna, 12 Mo. 165; Carroll v. Paul, 16 Mo. 226. The mistake that will authorize equity to set aside such an agreement must be a mutual mistake of the parties. Adkins v. Tomlinson, 121 Mo. 487; Bartlett v. Brown, 121 Mo. 353; Steinberg v. Ins. Co., 49 Mo. App. 255.

BLAND, P. J.—This suit grows out of the following facts. In the fall of 1890, one T. W. Scott (the plaintiff's assignor) and the defendant, Michael Hanick, were equal partners (for that work only), in the construction of a private sewer, with manholes, trenches, etc., for one Walter C. Taylor, on Theresa avenue, St. Louis. This contract we will term the joint or partnership contract. Defendant Hanick had also other work for said Taylor on his own account, with which Scott was not concerned.

The joint or partnership contract of Scott and Hanick

was duly completed, but a dispute arose with Taylor as to the amount due, and it became necesary to bring suit gainst Taylor.

Hanick having also an individual account against Taylor, with which Scott was not, concerned, it was determined, in order to facilitate the collection of the joint account and to avoid expense, that the joint account should be assigned to Hanick, and suit brought in Hanick's name therefor, as well as on his individual account, the two being distinguished by different counts in the petition. The first count was on the individual account, the scond on the partnership account. Scott died in 1892 while the suit was yet pending. By *mesne* transfers Carmody became the assignee of the interest of the Scott estate in the partnership account involved in the suit against Taylor. Carmody was also the administrator of Scott's estate. Hanick and Scott had been partners as contractors for excavation work outside of the Taylor contract, and there was a long unsettled partnership account between them. Hanick presented this account (in which he claimed a balance of about $4,000 due to him), to the probate court for allowance. Carmody would not consent to any allowance on this account until Hanick would make him a statement in writing as to the purpose of the assignment of the partnership account in the Taylor suit, and a full statement of the respective interest of Scott and Hanick in that account. Hanick then made and delivered to Carmody the following written statement:

"Whereas, Michael Hanick and Timothy W. Scott, now deceased, were equal partners in the matter of constructing a sewer and sewer connection for Walter C. Taylor, in Theresa avenue, and on the property of said Taylor abutting upon said avenue, in the city of St. Louis; and whereas, said Scott and Hanick still have an unsettled demand against said

Taylor on account of said work, which demand is now in suit in the circuit court of said city, in a case entitled Michael Hanick v. Walter C. Taylor, and numbered 91,860; and whereas, said Scott assigned his interests in said demand to said Hanick for the purpose of collection, but notwithstanding said assigment his estate is still entitled, upon a settlement of said demand, *to receive one-half of the net profits of said work, if there shall be such profits, and will be bound to pay one-half of the loss, if there shall be such loss;* and whereas, there is involved in said case No. 91,860 another demand belonging exclusively to said Hanick; and whereas, the said Scott, in the prosecution of said work expended the sum of $1,118; and received from said Taylor on account thereof the sum of $500; making a net expenditure of $618; and whereas, said Hanick, in the prosecution of said work, paid out the sum of $271.50, making a balance in favor of said Scott of $346.50; now, therefore, in consideration of the premises, said Hanick agrees that he will prosecute said suit to a final decision; that he will pay one-half of the fees, costs and expenses thereof, as having been incurred on account of said demand exclusively his own, and the other half thereof as having been incurred on account of said joint demand of Hanick and Scott, and that upon a final determination of the suit against said Taylor, and Hanick will account to the estate or to the heirs of said Scott for whatever sum he may collect from said Taylor, creating the said estate or the said heirs in said account with said sum of $346.50, and crediting himself with all the fees, costs and expenses which he may have paid on account of the said joint demand of Hanick and Scott, as aforesaid; and that he will without delay pay over to the said estate or the said heirs whatever sum may, upon such accounting, be found due to it or them, *on the basis of an*

*equal division of profits or losses aforesaid.* But the said Hanick reserves to himself the right in his discretion to compromise said claim against the said Taylor."

The partnership account between Scott's estate and Hanick (except the item involved in the Taylor suit), was then compromised at $1,300, and paid by the administrator to Hanick. The Taylor suit was sent to a referee, who, after hearing the evidence, made his report. The referee found due to Hanick on the first count (his individual account), a balance of $16.49, with interest; and on the second count a balance of $874 and interest, and recommended judgment against Taylor for these sums. The circuit court approved the report of the referee and entered judgment as therein recommended. The judgment was paid by Taylor, and Hanick paid over to Carmody his proportion of the judgment on the second count, calculated on the assumption of the correctness of Hanick's statement of the account in the writing signed and delivered by him to Carmody. The referee found two credits of $500, which he applied on the partnership account; that part of the finding is to-wit: "I further find that on August 19, 1890, defendant paid plaintiff's assignor (Scott and Hanick), for plaintiff, for constructing sewer, as proven by check and receipt of that date, on account, the sum of $500. I further find that defendant (Taylor) is entitled to a credit, under date of April 20, 1891, as shown by his check of that date to the order of plaintiff in a further sum of $500."

It will be observed that Hanick did not credit the partnership account with the payment of $500, of date April 20, 1891, nor charge himself with that payment. It therefore follows that according to the finding of the referee, Hanick has received a payment of $500 on the partnership account for which he has in no wise accounted. It is for the one-

half of this amount the present suit was brought. Appellant to recover relied on the written statement made by Hanick, and the report of the referee in the Taylor suit, and the judgment thereon, and Hanick's acquiescence in the finding of the referee by not appealing therefrom. Hanick's contention on the trial was and is here, that the payment of the $500 on April 20, 1891, was wrongfully and erroneously applied to the second count, and that as a matter of fact it was paid by Taylor on the individual account of Hanick against Taylor. This payment was made by the individual check of Taylor to Hanick—not to Hanick and Scott—and the receipt given therefor and accepted by Taylor was signed by Hanick only, and specified that it was a payment on a grading contract which Hanick was doing on his individual account. The learned trial judge found that this payment was to Hanick individually, and entered judgment for him. Carmody appealed.

1. Unless the finding of the referee and the judgment thereon applying the payment of $500 on April 20, 1891, as a credit on the partnership account is admissible as evidence against Hanick, the judgment should be affirmed, for the evidence—leaving out of view the report of the referee—is all one way that this payment was to Hanick individually and on his individual account against Taylor. The assignment of the account by Scott to Hanick was for collection only and made as a matter of convenience for the prosecution of a suit against Taylor to recover thereon. Hanick was therefore the agent or trustee of Scott, and after his death, of his administrator, and after the assignment of the interest of Scott's estate in the account the agent or trustee of the assignee. The interest of Hanick and Carmody in the prosecution of the suit on the second count was mutual, and though the suit was in the name of Hanick alone, he represented

Carmody as well as himself, and both are equally estopped to deny any of the issues adjudicated therein in any suit between them jointly or singly on the one side and Taylor on the other. State ex rel. v. St. Louis, 145 Mo. 551; Kansas City M. & B. R. R. Co. v. Southern Railway News Co., 151 Mo. 373; Bierman v. Crecelius, 135 Mo. 387; City of Memphis v. Taylor, 78 Mo. App. 67. But the converse of this proposition does not follow that they are estopped in a controversy between themselves to deny the correctness of the findings of the referee or of the recitals in the judgment, for the reason they were *not* adversary parties, nor were their interests adverse, but were on the contrary mutual. McMahon v. Geiger, 73 Mo. 145; State Bank v. Bartle, 114 Mo. 276. The court on the motion of Hanick gave the following instruction:

"The court declares the law to be that the court files in the case of Hanick v. Taylor, No. 91,860, in the circuit court for the city of St. Louis, offered by the plaintiff, are not admissible as evidence in favor of the plaintiff in this suit."

To the giving of which instruction Carmody objected and excepted at the time. While Hanick was not estopped in this controversy by the finding of the referee and the recitals in the judgment, yet they are competent evidence against him to prove that as a fact a credit of $500 was applied on the partnership account, of which he took no account in his written statement of the condition of that account theretofore made to Carmody. His failure to appeal from the judgment and acceptance of payment thereof, together with his written statement made to Carmody, made out a clear *prima facie* case against him entitling Carmody to recover. The exclusion of the judgment and report of the referee as evidence was error, for which the judgment is reversed and the cause remanded. All concur.