Iron Co. v. Realty Co.

E. E. SOUTHER IRON COMPANY, Appellant, v.
WOODRUFF REALTY COMPANY, Respondent.

St. Louis Court of Appeals.    Argued and Submitted May 8, 1913.
Opinion Filed June 3, 1913.

1. **RES ADJUDICATA: Persons Concluded: Nonadversary Parties: Facts Stated.** Plaintiff Iron Company agreed to occupy as tenant a building to be erected by defendant Realty Company, and, for the purpose of facilitating the work, took out a building permit in its own name. The work of constructing the building was under the exclusive charge of the Realty Company, but the Iron Company, for and on behalf of the Realty Company, at various times paid the wages of the workmen engaged on the building. An employee who was injured while at work on the building brought suit against the Iron Company for his injuries (the Realty Company not being made a party), and in that suit the jury were instructed that if, among other things, they found that the employee was employed by the Iron Company, their verdict should be for him, but if they found that he was employed by the Realty Company, their verdict should be against him. The jury found a verdict for him and the Iron Company paid the judgment rendered thereon. In an action by the Iron Company against the Realty Company to recover the amount of such payment and expenses and costs, *held* that the adjudication in the employee's suit that he was employed by the Iron Company was not conclusive against it in the present action, since the Iron Company and the Realty Company were not adversary parties in that suit, nor was there any adjudication as between them.

2. ————: **Nature of Doctrine.** *Res adjudicata* is not a fetish before which all defenses must bow down, but it is a doctrine of peace; and hence it is not to be applied, to the denial of justice, to deprive one of a just defense, or to close the courts to all inquiry into the truth.

3. **INDEMNITY: Implied Contract.** In order to recover on a contract to indemnify, it is not essential that an express promise be proved, but the obligation to repay may arise from all the attendant facts.

3. ————: ————: **Facts Stated.** Plaintiff Iron Company agreed to occupy as tenant a building to be erected by defendant Realty Company, and, for the purpose of facilitating the work, took out a building permit in its own name. The work of constructing the building was under the exclusive charge of

Iron Co. v. Realty Co.

the Realty Company, but the Iron Company, for and on behalf of the Realty Company, at various times paid the wages of the workmen engaged on the building. An employee who was injured brought suit against the Iron Company for his injuries (the Realty Company not being made a party), and recovered on the theory that it was his master. In an action by the Iron Company against the Realty Company to recover the amount of such payment and expenses and costs, *held* that the admitted facts in the case showed beyond question that the Iron Company was acting merely for the accommodation of the Realty Company in taking out the permit and paying the workmen, and that the latter, having accepted the benefit of these acts, was not in position to claim lack of authority or absence of a request for them; and hence it is *held* that, although no express promise to indemnify was shown, the Realty Company impliedly agreed to repay the Iron Company the amount it paid out on account of the employee's judgment, and that judgment should be entered for it for the amount of such payment.

Appeal from St. Louis County Circuit Court.—*Hon. G. A. Wurdeman,* Judge.

REVERSED AND REMANDED (*with directions*).

*Rodgers & Koerner* for appellant.

(1) Plaintiff is entitled to recover on the theory of an implied contract of indemnity. Implied contracts of indemnity are based upon equitable considerations and arise when one person does an act at the request and for the benefit of another, whether as agent or otherwise. Knox County v. Hunolt, 110 Mo. 67, 76; Dugdale v. Levering, 10 L. R. A., Com. Pleas (Eng.) 196; Culmer v. Wilson, 13 Utah, 129, 57 Am. St. Rep. 713; King v. United States, 1 C. C. 38; Howe v. Railroad, 37 N. Y. 297; Nelson v. Cook, 17 Ill. 449, 22 Cyc 95, 96; Story on Agency (2 Ed.), secs. 339, 340. And when one person is held technically liable for an act committed by another. Halliburton v. Carter, 55 Mo. 435, 439; Donald v. Guy, 127 Fed. 228; Navigation Co. v. Campania, etc., 144 N. Y. 663; Pfau v. Williamson, 63 Ill. 16; Bridge Co. v. Creem, 92 N. Y. S. 855. (2)

Plaintiff is entitled to recover on the theory that it has expended money for the use and benefit of defendant, which defendant in equity and good conscience is bound to repay. Knox County v. Hunolt, 110 Mo. 67; Banking Co. v. Commission Co., 195 Mo. 262; Nutter v. Sydenstricker 11 W. Va. 535; DeBard v. Smith, 9 Ala. 788; Van Santen v. Standard Oil Co., 81 N. Y. 171, 4 Cyc. 325, 27 Cyc. 833, et seq.; Fox on Contracts, p. 122. (3) It is not necessary that the acts for which indemnity is sought should have been done at the express request of defendant. The request may be inferred from the beneficial natural of the consideration and the circumstances of the transaction. 4 Cyc. 325, 27 Cyc. 837, et seq.; Oatfield v. Waring, 14 Johns. 188; Fox on Contracts, 119. And a subsequent ratification, express or implied, amounts to a previous request. Wolff v. Mathews, 39 Mo. App. 376; Hackett v. Van Frank, 105 Mo. App. 384; Brewing Co. v. Dold, 45 Mo. App. 603, 610. (4) The judgment in the case of Kirn v. Iron Co., 146 Mo. App. 451, is no bar to this action. Plaintiff and defendant in the present case were not adverse parties in the Kirn case and the issues here involved were not there litigated. Hence the doctrine of res adjudicata does not prevent plaintiff's recovery. Peters v. St. Louis, 226 Mo. 62; Charles v. White, 214 Mo. 187; Culmer v. Wilson, 13 Utah, 129. (5) Defendant had knowledge of the Kirn case and its officers were present at the trial. Therefore the judgment in said case is conclusive against defendant as plaintiff's indemnitor. City of Springfield v. Plummer, 89 Mo. App. 515.

*Percy Werner* and *Everett W. Pattison* for respondent.

REYNOLDS, P. J.—One Joseph Kirn instituted an action against the E. E. Souther Iron Company, appellant here, referred to hereafter as the Iron Com-

pany, to recover damages for personal injuries sustained by him while engaged in working upon a building which Kirn alleged was being erected by the Iron Company. Kirn recovered, and the Iron Company appealed from that judgment to our court, where the judgment of the circuit court was affirmed. [See Kirn v. E. E. Souther Iron Company, 146 Mo. App. 451, 124 S. W. 45.]. It is sufficient to refer to the report of that case for the facts and matters there in issue, only adding that in that case the Iron Company contended that the building was not being erected by it but by the Woodruff Realty Company, hereafter referred to as the Realty Company, the respondent in this present case. The Realty Company did not appear and was not a party to that case. Upon the affirmance of the judgment of the circuit court in favor of Kirn by our court, the Iron Company, having paid off the judgment, instituted the present action against the Realty Company to recover from the latter the amount paid on the judgment, as well as the costs and expenditures made by the Iron Company in connection with the above referred to litigation.

As the cause was submitted to the trial court upon an agreed statement of facts, substantially following the averments of the petition, it will not be necessary to set out the petition at length. If it becomes important as to any matters before us, we will set out such parts as are necessary.

By the agreed statement it is admitted, among other things, that one Albert G. Souther, since deceased, Frank E. Codding and William M. Scudder undertook to organize a corporation to acquire title to ground and construct thereon office and factory buildings which, "when completed, would be occupied by (the Iron Company) as tenant of the proposed corporation;" that the proposed corporation was duly incorporated according to the laws of this State under the name of Woodruff Realty Company July 27, 1907, and

thereupon Souther, Codding and Scudder were elected as its executive officers for the ensuing year, which offices they filled until the month of July, 1908, when Souther died, and that during all of that time they were the executive officers of the Iron Company; that in the months of May, June and July, 1907, Souther and Codding, "acting for said proposed corporation," arranged for the purchase of ground in St. Louis County "and employed one Charles B. McCormack to superintend the construction of buildings thereon;" that in order to legally construct the proposed buildings, a permit from the assessor of St. Louis County was necessary and the Realty Company being at that time unincorporated, the Iron Company, "for the accommodation and benefit of said proposed corporation, consented" that the permit be issued in the name of the Iron Company; that on the 9th of July, the assessor of the county issued the permit in the name of the Iron Company and thereupon the work of construction was begun in that month and continued until about March, 1908, when the building was completed. It is further agreed that McCormack and a foreman under him, "acting for the defendant herein, had charge of and superintended the construction of the buildings," and that the Iron Company at various times during the work of construction and prior to the month of February, 1908, "for and on behalf of" the Realty Company, paid wages of workmen engaged therein and that in the month of January, 1908, plaintiff, the Iron Company, moved its offices and factory to the premises mentioned and took possession of a portion thereof as the tenant of the defendant Realty Company. The institution by Kirn of the action above referred to against the Iron Company; the rendition of the judgment for $1335 and costs; the appeal; the affirmation of the judgment and that in defending the action the Iron Company had necessarily been required to pay out and did pay out the sum of $388.13 for attorney's

fees and expenses, which sum it is admitted was reasonable in the premises; that on the 12th of January, 1910, plaintiff here satisfied the Kirn judgment, in so doing paying out the sum of $1520.21, being the amount of the judgment with interest and costs, and that Codding, Souther and Scudder had actual notice of the Kirn suit and of all the proceedings therein, are all admitted. It was further agreed that the entire record of the Kirn cause, including the bill of exceptions setting out the testimony and the instructions, as well as the briefs of counsel in that cause in our court, should be considered in evidence, "with the exception and understanding that any conflict in the testimony and the fact involved therein may be determined by the court in the present case upon a reading of all the testimony so conflicting." It was further stipulated that on the 29th of July, 1907, the Realty Company acquired title to the ground on which the buildings were constructed and that "said work of construction was, in all its stages, in the sole charge of the defendant herein (Realty Company) its officers, servants and agents, and plaintiff (the Iron Company) never had, nor did any person for it ever have, any control over said McCormack, said foreman, or said Kirn, or either of them, or said work of construction or any part of same; that all the services rendered by plaintiff (the Iron Company) herein for the benefit of defendant (the Realty Company) herein, as aforesaid, were gratuitous." Judgment was demanded in the petition for $1908.34, with interest from the 12th of January, 1910, and for costs.

The answer, after a general denial, pleads the judgment in favor of Kirn and against the Iron Company before mentioned in bar of the present action as against it, averring that in that action the cause was submitted to the jury on the identical issue raised by the amended petition in this cause; that instructions were given by the trial court both on behalf of Kirn,

the plaintiff in that suit, and the Iron Company, defendant therein, upon the issue of whether the party liable for the injury to said Kirn was the Iron Company or the Realty Company; that an instruction was given on behalf of the plaintiff, Kirn, to the effect that if the jury in that cause believed from the evidence that Kirn and the foreman over him, by whose negligence he alleged that he had been injured, were employed by the defendant in that cause, the Iron Company, plaintiff here, and if the jury believed that Kirn was injured by the negligence of the foreman, their verdict should be for Kirn, and that an instruction was given in behalf of the defendant in that cause, plaintiff here, to the effect that if the jury should find and believe that the building about which Kirn was working at the time of his injuries, was being erected for and under contract with the Woodruff Realty Company, the defendant in this cause, then their verdict must be in favor of the Iron Company, defendant in that cause and plaintiff here. (These facts are covered by the agreed statement.) The defendant further answering avers that the verdict of the jury in that cause, under the pleadings in the cause and under the above mentioned instructions, was a finding that Kirn and his foreman were in the employ of the Iron Company and not of the Realty Company, and that the building about which Kirn was working at the time of his injuries was being erected for and under contract with the Iron Company, and not for and under contract with the Realty Company, defendant herein. "Wherefore this defendant says that the matter in issue in this cause has been in the said former action fully and conclusively adjudicated against plaintiff herein."

A general denial by way of reply was filed to this.

As stated, the cause was submitted on an agreed statement of facts. The court, at the request of defendant, gave two declarations of law: First. That the judgment rendered in the case of Kirn v. E. E.

Souther Iron Company, pleaded and in evidence, "is, under the pleadings and evidence in this case, conclusive in favor of the defendant in the present action on the issues raised in the present action." Second. "The court declares the law to be that, under the pleadings and the agreed statement of facts in this cause, judgment must be rendered for the defendant." Finding for the defendant, judgment followed, from which, after interposing a motion for new trial, plaintiff duly perfected its appeal to this court.

The determination of this question turns mainly upon the correctness of the action of the trial court in declaring that the judgment in the Kirn case is conclusive in the case at bar in favor of the defendant. It is very clear from consideration of the facts agreed to in the cause that the defendant here, now respondent, that is to say, the Woodruff Realty Company, was not a party of record in the Kirn action. Nor do we find anything in the agreed statement of facts tending to show that the Woodruff Realty Company, as a corporation, had actual notice of that suit or had been notified by the defendant in it, the Iron Company, to come in and defend or join in the defense. The only thing admitted in the agreed statement as to that is that Codding and Scudder "had actual notice of said Kirn suit and of the proceedings therein as had also said Souther up to the time of his death." But it is in evidence and admitted that these same persons were also filling like offices in each of the companies. We might dispose of the contention of learned counsel for respondent as to this point of notice to the Realty Company, by quoting their own argument submitted to us in support of their proposition that there is no proof of any agreement on the part of the defendant to indemnify plaintiff; no proof of any request upon which the law will imply an agreement to indemnify. Counsel, in support of this contention, say: "The question is one between two corporations, not between

individuals. It is alleged by appellant that one corporation made a certain request of the other, and that one corporation agreed to indemnify the other. Now, how are such averments to be proved? Necessarily, by the corporate records. If the defendant here made any request of the plaintiff, the minutes of the proceedings of its board of directors should so show. If the defendant made an agreement with the plaintiff, those minutes should show that, too. And this is not affected by the fact that the same men held executive offices in the two corporations." We are not prepared to say that this is a sound proposition to as full an extent as claimed by the learned counsel for respondent. What we do say, however, is that in making this argument as to that phase of the case, it hardly seems consistent for counsel to turn around and set up the claim that notice to the individuals, who were the officers of the defendant company as well as of the plaintiff company, of the pendency of the action, must be assumed to be notice to the corporation of that fact. There is no more record evidence of notice to the Realty Company of the pendency of the action than there was of any request to make payment or of any fact upon which an implied promise might be based, as argued by counsel. But all this is merely incidental and is not the point upon which the determination of this case must rest.

The determination of this case turns on the question as to whether, assuming that the Woodruff Realty Company had notice of the pendency of the action of Kirn against E. E. Souther Iron Company, the judgment in that cause which fixed responsibility upon the Souther Iron Company for the damages sustained by Kirn, is conclusive in favor of the nonliability of the defendant in the present action. This question would seem to be settled by the decisions of our Supreme Court in State Bank of St. Louis v. Bartle, 114 Mo. 276, 21 S. W. 816, and O'Rourke v. Lindell Ry. Co., 142 Mo. 342, 44 S. W. 254.

In the Bartle case, supra, at page 281 of 114 Mo., at page 817 of 21 S. W., it is said that the rule is "that when the parties to a suit were not adversaries under the pleadings, the judgment against them jointly does not conclude either so as to prevent him from showing in a contest between themselves that the obligation should be borne by the other. [McMahon v. Geiger, 73 Mo. 148; Freeman on Judgments (4 Ed.), sec. 158.]"

In the O'Rourke case, supra, there were two defendants, the Lindell Railway Company and the St. Louis Suburban Railway Company. The jury found for the latter and against the former, which moving for a new trial, appealed to the Supreme Court. It appears that on the appeal appellant criticized certain instructions given for its codefendant. Says Judge MACFARLANE (142 Mo. 1. c. 352, 44 S. W. 256), delivering the opinion of the court: "Whether or not such instructions, if erroneous, would be prejudicial to appellant, would depend upon the conclusiveness of the judgment as between the defendants. If the Suburban Company could, under the statute, be required to contribute to appellant for the damages adjudged to plaintiff and would escape such contribution under erroneous instructions, there would certainly be such prejudicial error as should be corrected. [Wiggin v. St. Louis, 135 Mo. 558.] But this judgment is not, in our opinion, conclusive between these defendants. There was no issue involving the liability of defendants between themselves raised by the pleadings or submitted on the evidence. There was no trial of the rights and liabilities of defendants between themselves, and the judgment did not operate as an adjudication of them. [Van Fleet's Form. Adj., sec. 256; Chand. on Res. Adjud., sec. 77; Bank v. Bartle, 114 Mo. 276.]"

Analyzing Wiggin v. St. Louis, supra, and distinguishing it from the case before the court as being a case resting on the terms of the Charter of St. Louis requiring a joinder of the person whose negligence is

alleged to have rendered the city liable to anyone and forbids, in such case, the bringing of an action against the city alone, Judge MACFARLANE continues (142 Mo. l. c. 353, 44 S. W. 256) : ''But those provisions are not applicable to an ordinary action where two persons are joined as tort-feasors, as in the case at bar. In such an action the judgment is only conclusive of the respective rights of defendants among themselves when that issue has been raised and determined in some appropriate manner. The pleadings of the defendants in this case only put in issue the question of their respective liability to plaintiffs. The instructions, though unnecessarily complicated, submitted that issue only to the jury.''

In the case at bar there was no adjudication whatever, as between the Souther Iron Company and the Realty Company, as to their respective liabilities; no joint defense, no antagonistic defenses interposed by either as defendants. So that as far as the record before us is concerned, even if the Realty Company had been a party of record in that cause and a joint defendant, any verdict and judgment entered in it as against one of the companies alone or against both was not an adjudication of their rights as between the two companies themselves.

The learned counsel for respondent place great reliance upon the decision of the Kansas City Court of Appeals in the case of Kansas City v. Mitchener, 85 Mo. App. 36. But even in that case it is held that a judgment against joint defendants who are not adversaries, is not conclusive *inter sese;* that it is only when one defendant is primarily liable and the other defendant could so hold him that a judgment in his favor is *res adjudicata* as between him and his codefendant. On this point of adversary defense, the Kansas City Court of Appeals distinguished the Mitchener case from the Bartle and O'Rourke cases.

In Dodge v. Knapp, 112 Mo. App. 513, l. c. 527, 87 S. W. 47, 52, it is said to be well settled law "that where the effect of a judgment is to settle a particular issue of fact, that issue must be held *res judicata* as to the adversary parties to the suit, and it is not essential to the conclusiveness of the judgment that all the parties to both proceedings are the same." Here again the point is, that the parties must have been adversary parties.

That is the rule generally recognized. Thus it is said by an accepted authority: "Not all the parties to a suit are necessarily concluded by the judgment or decree, in a subsequent suit between the same parties, but only those between whom the matter in issue in the second suit was adjudicated. To be concluded they must have been adversary parties." [24 Am. & Eng. Ency. of Law (2 Ed.), p. 731, par. 2.] Among other cases cited in support of this by the compiler are McMahan v. Geiger, 73 Mo. 145, *q. v.,* page 149, 39 Am. Rep. 489; Carmody v. Hanick, 85 Mo. App. 659, *q. v.* page 666; City of Springfield v. Plummer, 89 Mo. App. 515, *q. v.,* page 530.

Counsel for respondent rely upon the decision of our Supreme Court in Baumhoff v. St. Louis & Kirkwood R. R. Co., 205 Mo. 248, 104 S. W. 5, 120 Am. St. Rep. 745; especially to the extract from an opinion by Mr. Justice HARLAN, in Southern Pacific R. R. Co. v. United States, 168 U. S. l. c. 48, 18 Sup. Ct. 18, 42 L. Ed. 355, and as to what is said by our Supreme Court at page 264, of 205 Mo., 104 S. W. 5, 120 Am. St. Rep. 745. We find nothing in this case nor in the quotation from Mr. Justice HARLAN which supports this contention.

We are referred by those counsel to 22 Cyc., page 107, where it is said: "The judgment is also conclusive upon defendants in the first action in their character of plaintiffs, in the second as to the facts

therein determined. Hence, if it appears that the judgment in the first action was based upon a finding of fact fatal to the recovery on the second, the action over cannot be maintained." The compiler of that work has, however, said in the same section in which the foregoing is found, and treating of the conclusiveness and effect of judgment: "The verdict and judgment are conclusive on the questions of the existence of the defects causing the damages, the injury to the individual, his freedom from contributory negligence, and the amount of damages, but is not conclusive as to defendant's liability. The person against whom indemnity is sought is not precluded by the judgment from showing that he was under no obligation in the premises and that it was not through his fault that the injury occurred." Two cases are cited by the text-writer in support of the paragraph first above quoted from 22 Cyc., namely, Gregg v. Page Belting Co., 69 N. H. 247, 46 Atl. 26, and Boston & Maine Railroad v. Brackett, 71 N. H. 494, 53 Atl. 304. We do not think that the facts in those cases bring them within the case at bar. The cases there presented and on which the above rule rests, were entirely different in their facts from those in the case at bar. The decision in the Gregg case turned more specifically on the application of the general rule that there can be no contribution between actual wrongdoers, as it was held that the defendant in one, plaintiff in the other, were. The decision in the Boston & Maine R. R. case turned more particularly on the sufficiency of the evidence.

The subject of *res adjudicata* has been so thoroughly gone into and covered by our Supreme Court in Womach v. City of St. Joseph, 201 Mo. 467, 100 S. W. 443, and by our own court in Taylor v. Sartorious, 130 Mo. App. 23, 108 S. W. 1089, that it is needless to go into it any further.

The term *"res adjudicata"* is not a fetish before which all defenses must bow down. As said in the

Womach and Taylor cases, supra, it is a doctrine of peace. Nor is it to be applied to the denial of justice, to deprive one of a just defense, to close the courts to all inquiry into the truth. A reading of the well-considered cases fails to show one in which its application has been to do injustice.

In considering this present action as well as that of Kirn v. E. E. Souther Iron Company, it must not be overlooked that they are not against the Iron Company as one of two or more joint tort-feasors; there is no such pretense. Nor is the present action one of a wrongdoer against his joint feasor for contribution. It proceeds on the theory that in what the Iron Company did, it was acting for the Realty Company, not in co-operation with it, but for it; at its request; in a way, as its agent, and is entitled to recover from that company its necessary and reasonable expenses in that behalf laid out.

Applying what is held in authorities to which we have referred, to the facts in the case at bar, we hold that the first declaration of law, given by the trial court, to the effect that the judgment in the case of Kirn v. E. E. Souther Iron Company was a bar to this action by this appellant, was erroneous.

Counsel for respondent argue that there is no proof of any request, nor of any facts on which an implied promise can rest, and that on the evidence in the case, the trial court was justified in giving the second declaration of law, to the effect that "under the pleadings and the agreed statement of facts in this case judgment must be rendered for the defendant." Our strong impression is that this second declaration rests on the first, namely, on the conclusiveness of the judgment.

But assume that the clause of the stipulation which provides that "any conflict in the testimony and the fact involved therein (meaning in the evidence, record, etc., in the Kirn trial and proceeding) may be

determined by the court in the present case upon a reading of all the testimony so conflicting,'' threw upon the trial court the burden of passing upon the evidence and that this second declaration means that that court found that the real party liable to Kirn was the Iron Company and not the Realty Company, and that the Iron Company was a mere volunteer and could not recover from the Realty Company, let us inquire whether the facts in evidence warrant any such conclusion? Is such conclusion, if arrived at, founded upon any substantial evidence?

It is true that no formal request to take out the permit and make payment is embodied in the agreed statement. But there is ample evidence from which to iufer that such was the fact and that appellant was not a mere volunteer. The Iron Company wanted the use of the building and was interested in its early completion; to secure that it took out the building permit, even paid some of the costs of construction. While we held that these facts being in evidence, were sufficient to warrant the jury to find that Kirn had a right of action against the Iron Company as the responsible party, and so holding affirmed the judgment in that case, it is clear that the facts here admitted show beyond room for cavil that the Iron Company was acting merely for the accommodation of the Realty Company. There is no substantial evidence to the contrary. That company accepted the accommodation. The agreed statement sets out in so many words: ''That defendant herein, on July 29, 1907, acquired title to the ground on which said biuldings were constructed and said work of construction was, at all its stages, in the sole charge of defendant herein, its officers, servants and agents, and plaintiff never had, nor did any person for it ever have, any control over said McCormack, said foreman, or said Kirn, or either of them, or said work of construction or any part of same; that all the services rendered by plaintiff herein for the benefit of defendant

herein, as aforesaid, were gratuitous." On every principle of equity, as well as of law, under such facts, the Realty Company must hold the Iron Company harmless and must repay to it what, in consequence of its acts, it has paid out.

That an express promise need not be proven, that the obligation to repay may arise outside of an express promise from all the attendant facts, is settled law, as see Dugdale v. Lovering, Com. Pleas, L. R. 10 (1874-75) 196, l. c. 201, where it is said that the existence of a contract of indemnity "must greatly depend on the circumstances of each individual case, the effect of which seems to be for the jury to determine."

In Humphreys v. Pratt, 5 Bli. (N. R.) 154, the plaintiff—a sheriff, to whom the defendant had given a *fieri facias* to execute—levied on certain cattle claimed by (and, as it turned out, belonging to) another, and which cattle had been pointed out to the sheriff by the defendant. That was all the defendant did, as, says the court, "without more" than that pointing out by the defendant, the sheriff levied. It was held by the House of Lords that a contract of indemnity might be implied. Culmer v. Wilson, 13 Utah, 129, 44 Pac. 833, 57 Am. St. Rep. 713, is to the same effect. (This case is also in point on the effect of a prior adjudication.) [Phoenix Bridge Co. v. Creem, 102 App. Div. 354, 92 N. Y. Supp. 855, affirmed by Court of Appeals 185 N. Y. 580, 78 N. E. 1110, Seymour v. Spring Forest Cemetery Ass'n, 144 N. Y. 333, 39 N. E. 365, 26 L. R. A. 859, and Clifford Banking Co. v. Donovan Com. Co., 195 Mo. 262, l. c. 288, *et seq.*, 94 S. W. 527, are to like effect.]

This respondent accepted the benefit of the acts of the appellant and cannot now claim lack of authority or absence of a request. [Wolff v. Matthews, 39 Mo. App. 376, l. c. 381.]

On consideration of the evidence in the case, under the law which we hold is to be here applied, we conclude

that the trial court erred in giving the declarations of law. Its judgment is reversed and the cause remanded, with directions to enter up a judgment in favor of the appellant for the amounts paid out by appellant on account of the judgment, costs and expenditures in connection with the case of Joseph Kirn against E. E. Souther Iron Company, with interest thereon from the date of the payment as those amounts are set out in the agreed statement of facts in this case. *Nortoni* and *Allen, JJ.*, concur.