# MARY E. MATTHEWS, Appellant, v. R. P. McGUFFIN, Respondent.

### Springfield Court of Appeals, April 23, 1914.

1. **STATUTE OF FRAUDS: An Agreement that was held Not Within.** Defendant conveyed by warranty deed a piece of real estate to plaintiff together with a building thereon covered by a fire insurance policy, which contained a provision requiring the insurer's consent to any assignment thereof. Possession was immediately given. An agreement made by plaintiff at the time of the trade that he would procure the insurer's consent to an assignment of the policy *held* not within the Statute of Frauds.

2. **PLEDGOR AND PLEDGEE: Liability of Pledgee.** Defendant conveyed by warranty deed certain property, receiving as part payment a note secured by deed of trust and in addition as security plaintiff deposited with him an insurance policy which covered a building on the real estate, which policy defendant had assigned to plaintiff promising to secure the company's consent therefor, which by the terms of the policy was necessary. *Held* that it was incumbent on the defendant to procure the consent as agreed and that he was liable for any damages resulting from his failure to do so.

3. **PLEDGES: Liability of Pledgee.** If through a pledgee's negligence or omission the collateral is lost, he is liable to the pledgor for any damages resulting.

4. **CONTRACTS: Agreement to Procure Assignment of Insurance Policy: Liability.** Where defendant upon conveying certain land on which was a building covered by a fire insurance policy which was assigned to grantee and which required insurer's consent to such assignment, agreed that he would procure such consent, he was liable to the grantee for the amount of the policy, the building having burned without such consent having been obtained.

5. **PRINCIPAL AND AGENT: Ratifying Agent's Acts: Liability.** A principal is liable for the acts of his agent which he ratifies.

Appeal from Lawrence Circuit Court.—*Hon. Carr McNatt*, Judge.

REVERSED AND REMANDED.

180 App. 5

*John R. Miller* and *Oscar B. Elam* for appellant.

(1) The Statute of Frauds has nothing to do with goods, wares or merchandise of the value of less than thirty dollars, such as this insurance policy. (2) The provision of the policy of insurance to the effect that, "if the interest of the assured be or become other than the entire, unconditional, unincumbered and sole ownership of the property; . . . or if this policy be assigned; then and in every such case this policy shall be void, unless otherwise provided by agreement indorsed hereon," avoided the liability of the insurer to appellant, because of a failure of respondent to obtain the required indorsement. Trabue v. Ins. Co., 121 Mo. 75, 81; Dreher v. Ins. Co., 18 Mo. 128; Holloway v. Ins. Co., 121 Mo. 87, 88; Collings v. Ins. Co., 70 Mo. App. 14, 17; Petit v. Ins. Co., 69 Mo. App. 317; Stephens v. Ins. Co., 61 Mo. App. 194, 199; Trabue v. Ins. Co., 49 Mo. App. 331, 334; Card v. Phoenix Ins. Co., 4 Mo. App. 424, 427.

*J. B. McGuffin* and *McNatt & McNatt* for respondent.

(1) There is no allegation in the petition that defendant agreed to have the policy transferred on the books of the insurance company, or would obtain their consent to the transfer of the property, and even if the evidence shows such an agreement, the plaintiff cannot recover. A party cannot allege one contract and recover on another contract. Barber v. Improvement Co., 131 Mo. App. 717. (2) The contract being one in which the sale of real estate is the subject-matter, cannot be shown by verbal testimony, but all the agreements and conditions must be in writing before recovery can be had. Sursa v. Cash, 171 Mo. App. 396; Insurance Co. v. Bloomfield, 141 Mo. App. 417; Andrews v. Broughton, 78 Mo. App. 179; Beckman v. Mephan, 97 Mo. App. 161. (3) Where an insurance

company has knowledge that a transfer of property has been made, and does not offer to refund the premium, it is liable for the loss under the policy.  Millis v. Ins. Co., 95 Mo. App. 211; Trust Co. v. Ins. Co., 79 Mo. App. 362.

ROBERTSON, P. J.—The plaintiff on December 25, 1912, traded for a piece of real estate in Aurora belonging to the defendant, together with a fire insurance policy covering the building thereon in the sum of $400.  Possession of the properties was delivered immediately by the respective parties, except in the transaction there was a difference due the defendant of fifty dollars which plaintiff secured by a deed of trust on the property which she received and left said insurance policy with the defendant with the understanding and agreement that the defendant would procure the consent of the insurance company to its assignment to the plaintiff.  The policy contained the provision that if the interest of the assured be or become other than the entire, unconditional, unincumbered and sole ownership of the property; or if the policy be assigned, then it should become void, unless otherwise provided by agreement endorsed thereon.  The defendant failed to procure any endorsement upon the policy except that there appears thereon, over the date of December 26, 1912, an assignment from the defendant to the plaintiff, *subject to the consent of the insurance company*.  The building was completely destroyed by fire a few days after the trade was made and during the same month.

Plaintiff brought this action in the circuit court, alleging in her petition the facts in substance as above stated.  The defendant filed an answer containing a general denial and further alleging that he never entered into any contract with the plaintiff as alleged in her petition, nor did he authorize any one to so con-

tract for him and that if any such contract was ever made it was without consideration and void.

At the close of the plaintiff's testimony, after some objections by the defendant, which the court overruled, this statement is found: "The defendant asks for a peremptory instruction because there is no evidence that there was any contract to go and procure the assignment of the policy." The jury was then instructed to return a verdict for the defendant, which it did. Upon this verdict judgment was entered and the plaintiff has appealed.

Upon the theory on which the defendant asked and had given the peremptory instruction, the trial court was clearly in error because there was abundant testimony outside of the facts and circumstances connected with the case to submit to the jury upon the question of the agreement of the defendant to procure the consent of the insurance company to the transfer of the policy to the plaintiff.

The defendant by his objections interposed to the introduction of testimony and the request to strike out portions thereof raised the question that the alleged contract, with reference to the insurance policy, is within the Statute of Frauds, but we are cited to no authorities and we believe none can be found that will sustain such a contention under the circumstances in this case. The defendant conveyed the property to the plaintiff by a warranty deed on the date of the trade and the plaintiff immediately thereafter went into possession of the property and the defendant was delivered possession of the property (personal) traded to him. Clearly the Statute of Frauds is no bar to this claim of the plaintiff.

As a part of the transaction the plaintiff executed her promissory note to the defendant and secured it by a deed of trust upon the property and the defendant agreed to procure the necessary consent and endorsement of the insurance company upon the policy essen-

tial to a complete and effective assignment thereof. He retained the policy, according to the plaintiff's testimony, as collateral for additional security for his loan; hence, if the defendant did retain the policy as additional security, it became his duty to carefully and faithfully perform all acts necessary to make it available, which was to have it properly endorsed by the insurance company. [State Bank of St. Louis v. Bartle, 114 Mo. 276, 280, 21 S. W. 816; Bank v. Kilpatric, 204 Mo. 119, 131, 102 S. W. 499.]

Within this duty devolving upon a pledgee, if for a breach of it he must account to the pledgor to the full amount of the loss when suit is brought on the obligation for which the collateral is deposited to secure, then upon the same principle would the pledgee unquestionably be liable in an action brought by the pledgor for damages. It is said in the Kilpatric case, supra, that if, through the pledgee's negligence or wrongful act or omission, the collateral is lost, he is unquestionably liable to the pledgor in the same manner as the pledgee of goods and merchandise is liable to the pledgor if they are lost or destroyed through the pledgee's failure to give them the necessary protection and care (p. 130).

The testimony of the plaintiff being ample to take the case to the jury on the question of the agreement of the defendant, supported by a sufficient consideration, to secure the proper endorsement on the policy, and thus entering into and being a part of the entire transaction, we think it is immaterial whether we designate him as pledgee, bailee, agent or otherwise define his capacity, as it would be unjust to say that the plaintiff under such circumstances should lose the value of her policy caused solely by the neglect or omission of the defendant.

The transactions related by the plaintiff and on which this case is based were had principally with the defendant's father, but the son appeared therein dur-

ing the final consummation of it and ratified what had theretofore been done by his father; and, as it appears that on the following day he assigned the policy to the plaintiff, we must hold that her testimony is sufficient to take the case to the jury on the theory and hypothesis of his recognition and ratification of the fact that the father was acting as his agent when he made the agreement for his son as to the transfer of the policy. The judgment is reversed and the cause remanded. *Sturgis* and *Farrington, JJ.,* concur.