HATTIE M. THOMAS <em>vs.</em> THOMAS CHURCHILL.

Waldo.   Opinion April 15, 1892.

*Way.   Record.   County Commissioners.   Jurisdiction.*

The judgment of the county commissioners in locating a private way cannot be impeached in an action of trespass by a land owner, unless their record shows that they exceeded their jurisdiction.

AGREED STATEMENT.

The case appears in the opinion.

*W. P. Thompson*, for plaintiff.

*W. H. McLellan*, for defendant.

LIBBEY, J.   Trespass for entering upon the land of the plaintiff, which was within the limits of a private way located for the defendant by the county commissioners. There is no

contention between the parties as to the jurisdiction of the county commissioners upon the defendant's petition. He had applied to the municipal officers of the town to locate the private way from his land near his house a short distance over the plaintiff's land to the county road. They had laid out the way on his petition, as a private way, and made their report to the town at its annual town meeting as required by the statute. But the town refused to accept the way. Thereupon, the defendant within the year thereafter presented to the commissioners his petition for the location of the way by them. The petition alleges that a private way from the house of said Thomas Churchill, easterly to the road leading from Lincolnville center to Dickey's Mills, so called, in said Belmont, would be a great convenience to said Churchill and to parties having occasion to go to and from his house. It sets out the other facts that have been stated, that are essential to give to the commissioners jurisdiction.

After giving due notice to all parties interested as required by statute, the commissioners report that they met the parties at the place named in their notice, which was the house of the defendant, and proceeded " with the parties and viewed the route described in said petition, immediately after which view, on the fourteenth day of December, A. D., 1889, a hearing of the parties and their testimony was had before us at the dwelling house of Thomas Churchill in said Belmont, it being a convenient place in the vicinity of said route ; after a full hearing and mature consideration, we, the said commissioners, adjudged and determined that the said town of Belmont did unreasonably refuse to accept the private way as laid out by the selectmen of said town ; and considering the petitioners to be aggrieved thereby do grant the prayer of the petition and proceeded to locate a private way as follows :   Beginning at a stake standing near the line between lands of Thomas Churchill and Eugene M. Thomas, (said stakes bearing south eighty-five degrees east, eight rods twenty-three links from the southeast corner of the dwelling of Thomas Churchill, aforesaid) thence south eighty-five degrees east three rods and fourteen links to stake, marked,

standing in the westerly line of the county road, leading from the Dickey mills, so-called, in said Belmont, to Lincolnville. All on the land of Eugene M. Thomas aforesaid." The way located is two rods in width.

The case comes before the court on an agreed statement of facts, in which it is agreed that the land named by the commissioners as taken for the way was owned by the plaintiff, the wife of Eugene M. Thomas, but occupied by them; and that the defendant, at the time he petitioned the county commissioners, and also the selectmen, to lay out said way, occupied and controlled the farm on which he lived. The stipulation of the parties upon which the case is sent forward is, "If upon the foregoing statement of facts the court are of opinion that said private way was legally laid out or that the legality of said laying out cannot be determined in this action the plaintiff is to be nonsuited, otherwise the defendant is to be defaulted and damages assessed at one dollar."

By this statement of the case and of the stipulation of the parties, it is seen that if the location by the county commissioners is not void upon the face of their record this action cannot be maintained. It is not claimed by the counsel for the plaintiff that the commissioners had no jurisdiction to act upon the defendant's petition. That is admitted. But his contention is that, by the return of the commissioners, it appears that the way located by them is not connected with the defendant's land, and therefore, in locating it the commissioners acted outside of their jurisdiction; so that their action is void upon the face of their record. Having jurisdiction to act upon the petition, the court will not in an action of trespass determine the location to be void for any irregularities in the proceedings of the commissioners; but their judgment must be held to be binding until reversed by proper proceedings therefor. *Cyr* v. *Dufour*, 62 Maine, 20. We must presume that they acted within their jurisdiction until the contrary is made to appear.

Does it appear by the return of the location that the way is not connected with the defendant's land? We think not. They commenced at a stake, they say, standing near the dividing line,

a certain distance named, by a certain course, from the defendant's house, and from that point made their location. The petition under which they acted was for a location of a way from the house of said defendant easterly to the road. They were acting in the presence of the parties. If the fact is as contended that the point of beginning was not connected with the defendant's land, it was one that might have been easily proved. We cannot assume from the description, that it was not connected with the defendant's land.

Another objection relied on by the plaintiff's counsel is, that it does not appear that the way, prayed for by the defendant and located by the commissioners, was from the defendant's improved land to the county road. We think this objection is untenable. The point of beginning is only a few rods from the defendant's dwelling house. In the agreed statement, upon which the case comes forward, the parties agree that the defendant occupied the land upon which the dwelling-house stood at the time, as a farm ; and it sufficiently appears that the way is connected with the improved land of the defendant. The cases relied on by the counsel for the plaintiff as decisive of the case, (*Hall* v. *County Commissioners*, 62 Maine, 325, and *Lyon* v. *Hamor*, 73 Maine, 56) we think are not in point.

*Plaintiff nonsuit.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and WHITEHOUSE, JJ., concurred.