LUMBERMEN'S MUTUAL CASUALTY CO. *v.* BISSELL.

**1.** MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — IN-
SURER INDEMNITOR OF EMPLOYER—AWARD BINDING ON BOTH.

Since the relationship between an insurer and employer
created by the policy of insurance to pay the claims of
injured employees for which the employer is liable under
the provisions of the workmen's compensation act, is that
of indemnitor and indemnitee, where both appeared and
contested the claim of an injured employee, the award
against the employer was binding on both insurer and
employer.

2. SAME—ACTION ON BREACH OF INSURANCE POLICY—FINDING OF
BOARD CONCLUSIVE UPON EMPLOYER—ESTOPPEL.

In an action by the insurer against the employer to re-
cover the amount paid by it to an injured employee,
based on a breach of the provisions of the insurance policy
by failure of the employer to give insurer "immediate
notice" of the injury, the finding of the industrial accident
board that timely notice was given to the employer by
the employee under the workmen's compensation act (2
Comp. Laws 1915, §§ 5445-5447), thereby rendering the
employer liable, is conclusive upon him in this action,
since the liability of the insurer, under its policy, was
dependent upon the liability of the employer.

FELLOWS, C. J., and McDONALD, J., dissenting.

Error to Delta; Flannigan (Richard C.), J. Sub-
mitted June 14, 1922. (Docket No. 20.) Decided
November 2, 1922.

Assumpsit by the Lumbermen's Mutual Casualty
Company against Murray K. Bissell, doing business as
Erickson & Bissell, for the amount of an award paid
under the workmen's compensation act. Judgment
for plaintiff on a directed verdict. Defendant brings
error. Affirmed.

*Ryall & Frost,* for appellant.

*Nichols & Locke (George E. Nichols* and *Glenn D. Mathews,* of counsel), for appellee.

Fellows, C. J. (*dissenting*). Defendant was an employer of labor operating under the workmen's compensation law. Plaintiff, an Illinois corporation authorized to do business in this State, was his insurer. One William Lemerand was in the employ of defendant. He claimed that on the 3d of July, 1918, he received an accidental, personal injury in such employment; on November 21st he served a written claim for compensation on defendant who promptly notified plaintiff of such claim. The usual proceedings followed. The defense principally relied upon was that the employer did not have notice of the accident until he received the claim for compensation, and not within the three months fixed by the statute. The industrial accident board awarded compensation and in its findings of fact found that the employer had seasonable notice. This court refused to review the award on certiorari. Plaintiff with the approval of the board settled with the employee, paying him $1,489.08, and brought this suit against the defendant counting on his breach of the contract with plaintiff under which the insurance was obtained and in which contract he agreed to give "immediate notice" of the happening of an accident to his employees. Upon the trial plaintiff introduced the proceedings before the industrial accident board and insisted that the award made by the board including its finding of facts was *res adjudicata* upon the question of notice to defendant of the accident to his employee. Defendant insisted that such finding and award was not *res adjudicata* as to the parties to this suit and claimed the right to introduce testimony on that subject. The

trial judge permitted the testimony, reserving the right to determine the question at the close of the proofs.     Both parties asked a directed verdict and the trial judge directed one for plaintiff on the grounds of *res adjudicata* of the decision of the board.

It would seem that one or both of the parties to this case sought to have their rights *inter se* determined by the industrial accident board.     The board held, and very properly so, that it was without jurisdiction to determine that question.     Having declined upon jurisdictional grounds to consider the question, it is manifest that such declination is not *res adjudicata*.

It is urged on behalf of the defendant that the doctrine of *res adjudicata* is applicable only to judgments and decrees in judicial proceedings and that the award of the industrial accident board is not within its purview.     It is true that the board is administrative in character, possessed of *quasi*-judicial functions. But awards of arbitrators and decisions of administrative boards have a finality and are not open to collateral attack.     In 2 R. C. L. p. 386, it is said:

"The award of arbitrators, acting within the scope of their authority, determines the rights of the parties as effectually as a judgment secured by regular legal procedure, and is as binding as a judgment, until it is regularly set aside or its validity questioned in a proper manner.     Their decision on matters of fact and law is conclusive, and all matters in the award are thenceforth *res adjudicata,* on the theory that the matter has been adjudged by a tribunal which the parties have agreed to make final, a tribunal of last resort for that controversy."

To the same effect is 3 Cyc. p. 728.     Numerous cases will be found where the finality of decisions of administrative boards and officers has been upheld. Illustrative of the cases see *Crandall* v. *James*, 6 R. I. 144, school commissioner; *Kelly* v. *Wimberly*, 61 Miss. 548, town council in auditing bills; *Thomas* v.

*Churchill,* 84 Me. 446 (24 Atl. 899), county commissioners; *Queen* v. *City of Atlanta,* 59 Ga. 318, commissioners of police; *Woolsey* v. *I. O. O. F.,* 61 Iowa, 492 (16 N. W. 576), grand lodge of fraternal society; *Natoma Water & Mining Co.* v. *Clarkin,* 14 Cal. 544, land commission; *Lloyd* v. *Barr,* 11 Pa. St. 41, board of arbitrators; *Beall* v. *State,* 9 Ga. 367, commission appointed under authority of the legislature to fix depreciations of property by reason of removal of the county seat. And this court, in *Estate of Beckwith* v. *Spooner,* 183 Mich. 323 (Ann. Cas. 1916E, 886), a case under the workmen's compensation law, said:

"On the hearing of such petition for review it can be stated as a general rule that the essentials leading up to the award, or its equivalent, are to be taken as *res adjudicata,* except the physical condition of the injured employee, which naturally and legally remains open to inquiry."

We shall, therefore, in considering the main question in the case proceed upon the theory that the doctrine of *res adjudicata* is as applicable to the award of the (then) industrial accident board (now department of labor and industry) as to a judgment at law.

We deem it proper to lay aside the minor objections made to the applicability of the doctrine of *res adjudicata* to the instant case and take up at once the consideration of what we conceive to be the crucial question, the one which goes to the very heart of the controversy. This question is by no means free from difficulties, in fact, it bristles with them. It has caused this court much labor and anxiety. The present plaintiff and the present defendant were co-defendants in the proceedings before the industrial accident board; as such co-defendants they were not adversary parties. The important question here presented is whether the award is *res adjudicata* in a proceeding to determine their rights *inter se.* Before

taking up the consideration of this question we challenge attention to the fact that we are not here considering a case of co-sureties, co-indorsers, or co-partners; nor have we before us an equity case where by proper pleadings co-defendants may be made adversary parties.     Such cases will be disposed of as they arise.

We think it may be fairly said that there is substantial unanimity among the textwriters to the effect that *res adjudicata* may not be successfully pleaded in an action brought to determine the rights of the parties *inter se* where such parties were not adversary parties in the original suit.     Mr. Freeman in his work on Judgments (1 Freeman on Judgments [4th Ed.], § 158) says:

"Parties to a judgment are not bound by it, in a subsequent controversy between each other, unless they were adversary parties in the original action.     If A recovers judgment against B and C upon a contract, which judgment is paid by B, the liability of C to B, in a subsequent action for contribution, is still an open question, because as to it no issue was made or tried in the former suit.     As between the several defendants therein, a joint judgment establishes nothing but their joint liability to the plaintiff."

Mr. Black in his work on Judgments (2 Black on Judgments [2d Ed.], § 599) says:

"As a general rule, parties to a judgment are not bound by it in a subsequent controversy between themselves, unless they were adversary parties in the original action.     That is to say, a judgment for or against two or more joint parties ordinarily determines nothing as to their respective rights and liabilities, as against each other, in their own subsequent controversy."

In Van Fleet's Former Adjudication, § 256, it is said:

"Unless the defendants contest an issue with each other, either upon the pleadings between them and

the plaintiffs, or upon cross-pleadings between themselves, it will not be *res adjudicata* in a litigation between them. Of course, a judgment determining the rights of the defendants between themselves, under proper pleadings, is conclusive upon them. But a judgment against them, if there are no issues between them, does not bind them as against each other."

In Chand on Res Adjudicata, § 77, it is said:

"It is held by the American courts also, that where in any suit an issue is joined between some of the parties only, the decision of the issue has no binding force against the others. It is on the same principle, that parties to a suit are held not to be bound by a decision in it, in a subsequent suit between them, unless they were at arms length and on opposite sides in the former suit; and a decision in favor of a person is held to be not *res adjudicata* against other persons ranged on the same side with him in the former suit. An issue in fact is, as a general rule, open to determination although a finding thereon has been arrived at between the parties in a former suit in which they both were defendants. This is on the broad ground that a judgment in a suit for or against two or more persons ordinarily determines nothing as to their respective rights and liabilities as against each other. Nor could any other course be ordinarily expedient, as generally the object of a suit is merely to dispose of the plaintiff's claim, and the defendants therefore are not allowed to appeal against each other; and to treat an expression of opinion in regard to their rights *inter se* as a decision would hardly be proper and equitable."

In Bigelow on Estoppel (6th Ed.), p. 113, will be found the following:

"Judgment against several defendants cannot, however, determine the rights of the defendants *inter sese*. Thus, if judgment be given against several cocontractors, and satisfaction is obtained by one of them, he cannot use the judgment as binding evidence against the others of their liability to him to contribute. No such point was decided in the former action; the judgment decided the existence and legal-

ity merely of the demand.    The parties must be adversary."

24 Am. & Eng. Enc. Law (2d Ed.), p. 731, thus states the rule:

"Not all the parties to a suit are necessarily concluded by the judgment or decree, in a subsequent suit between the same parties, but only those between whom the matter in issue in the second suit was adjudicated.    To be concluded they must have been adversary parties."

And 23 Cyc. p. 1279, has this to say:

"Although a judgment is conclusive upon all the parties to the action, so that no one can allege anything contrary to it merely because his co-plaintiff or co-defendant is not joined with him in the second suit, yet the estoppel is raised only between those who were adverse parties in the former suit, so that the judgment therein settles nothing as to the relative rights or liabilities of the co-plaintiffs or co-defendants *inter sese*, unless their conflicting or hostile claims were brought into issue by cross petitions or separate and adversary answers, and were thereupon actually litigated and adjudicated."

The rule is thus stated in *The State Bank of St. Louis* v. *Bartle*, 114 Mo. 276 (21 S. W. 816) :

"The rule, therefore, is that when the parties to a suit were not adversaries under the pleadings, the judgment against them jointly does not conclude either so as to prevent him from showing in a contest between themselves that the obligation should be borne by the other."

In the case of *Smith Bros. & Co.* v. *Railroad Co.*, 109 La. 782 (33 South. 769), judgment had been rendered against four railroads in favor of a shipper. It was paid by the "Plant system" operating three of the roads, and contribution was sought from the other railroad, and it was claimed that the judgment was *res adjudicata*.    This claim was denied and the court held (we quote from the syllabus) :

"Where, in an action against four railroad companies for violation of a contract of carriage, plaintiff has obtained a judgment *in solido* against the four defendants, this judgment, though *res adjudicata* between plaintiff and the defendants, does not conclude the latter as to matters between themselves, where they have severed in their defense and their prayer is purely defensive, asking that plaintiff's demand be rejected. If three of the defendants, having paid the judgment, seek contribution from the fourth, the latter has the right to a judgment in its favor, on showing that the violation of the contract was due entirely to their fault."

The case of *Central Banking & Security Co.* v. *United States Fidelity & Guaranty Co.*, 73 W. Va. 197 (80 S. E. 121), is an interesting case. It will be found in 51 L. R. A. (N. S.) 797, where it is criticized in a note by the editorial writer. But the extent of the criticism is that the doctrine of the case should not be applicable where the defendants are sureties, and the argument is made that sureties who are made defendants are adversary parties because the release of one increases the amount the others will be required to pay. But, as we have pointed out, this case does not involve the question of contribution between cosureties, and whether the doctrine here announced is applicable to such a case will be determined when it is submitted to us. As applied to the facts of the instant case the reasoning of the West Virginia court is quite pertinent. In that case the original action was against three surety companies, two of whom were dismissed. The other surety company (Central Banking & Surety Company) against whom the judgment passed paid it and brought suit against the other companies for indemnity and contribution. The defense was made that the former suit dismissing them from liability was *res adjudicata*. This defense was overruled and it was held (we quote from the syllabus in L. R. A.):

"A decree in a suit by the distributees of the estate
for the benefit of which such bonds were given, against
the principal and sureties in all of them, dismissing
the bill as to the sureties in the subsequent ones on
their separate demurrers thereto, does not conclude
the surety in the original bond in a subsequent suit
against the sureties in the others for contribution,
under the principles of *res adjudicata,* after payment
and satisfaction of the liability to the estate by the
surety in such first bond."

Among the cases tending to sustain the doctrine
announced by the textwriters and cases above con-
sidered, see *Warren* v. *Railroad,* 163 Mass. 484 (40
N. E. 895); *Harvey* v. *Osborn,* 55 Ind. 535; *Voss* v.
*Lewis,* 126 Ind. 155 (25 N. E. 892); *Buffington* v.
*Cook,* 35 Ala. 312 (73 Am. Dec. 491); *Montgomery*
v. *Road,* 34 Kan. 122 (8 Pac. 253); *Pioneer Savings
& Loan Co.* v. *Bartsch,* 51 Minn. 474 (53 N. W. 764,
38 Am. St. Rep. 511); *Rudd* v. *Cornell,* 171 N. Y. 114
(63 N. E. 823); *Wagstaff* v. *Marcy,* 54 N. Y. Supp.
1021; *Conwell* v. *Thompson,* 50 Ill. 329; *Koelsch* v.
*Mixer,* 52 Ohio St. 207 (39 N. E. 417); *Gardner* v.
*Raisbeck,* 28 N. J. Eq. 71. *Contra,* see *Boston & Maine
Railroad* v. *Sargent,* 72 N. H. 455 (57 Atl. 688); *Lloyd*
v. *Barr, supra; Weeks* v. *McPhail,* 129 N. C. 73 (39
S. E. 732), equity case; *Kent's Adm'r* v. *Kent's
Adm'r et al.,* 82 Va. 205, equity case, and the two
recent cases relied upon by plaintiff as controlling:
*Edinger & Co.* v. *Insurance Co.,* 182 Ky. 340 (206 S.
W. 465); *American Candy Co.* v. *Insurance Co.,* 164
Wis. 266 (159 N. W. 917). These recent cases
strongly sustain plaintiff's contention.

On one occasion this court used language un-
equivocally sustaining defendant's contention. *Robin-
son* v. *Railroad Co.,* 135 Mich. 254, was an action
brought against the railroad company and the Pullman
Company. The trial court directed a verdict for the
Pullman Company and plaintiff had judgment against

the railroad company alone. The company here assigned error on the action of the trial judge in directing a verdict for the Pullman Company. Mr. Justice GRANT, who wrote for the court, there said:

"It is next urged that the court erred in directing a verdict for the Pullman Company. This is not a question in which the defendant railroad company is interested. The verdict and judgment are not conclusive of the liability of the Pullman Company to the railroad company under the contract between them, by which the Pullman Company furnishes its cars to be run over the defendant's road. * * * Whether the Pullman Company is bound under its contract to indemnify the railroad company is not involved in this litigation. In a suit by the latter company against the former, involving the liability of the former to the latter for the injury, the decision rendered by the court in this case is not *res adjudicata.*"

It may be fairly said that this language is *obiter dictum,* but it is in consonance with the weight of authority and we are persuaded states the correct rule. We think it must be held that in this action brought by the insurer against the insured upon the contract between them, the award of the industrial accident board and the findings upon which it is based in a proceeding where these parties were not adversary parties is not *res adjudicata* and a finality precluding proof of the actual facts.

One other question requires consideration. The contract between the parties required defendant to give "immediate notice" of accidents to its employees. If defendant had any notice of the accident to Mr. Lemerand so far as this record discloses it was given about the time of the accident. The trial judge held that "immediate notice" was notice within a reasonable time and held as matter of law that the notice given upon receiving the claim for compensation November 21st was not given within a reasonable time. In this the trial judge was right. *Oakland*

*Motor Co.* v. *Fidelity Co.*, 190 Mich. 74; *Burton* v. *Ladd*, 211 Mich. 382; *Dulany-Vernay Co.* v. *Kalamazoo Stationery Co.*, 213 Mich. 484.

The judgment should be reversed with a new trial, and with costs of this court to defendant.

MCDONALD, J., concurred with FELLOWS, C. J.

SHARPE, J. If an employer elects to become subject to the provisions of the workmen's compensation act, he may adopt, subject to the approval of the industrial accident board (now the department of labor and industry) one of the several methods for the payment of compensation provided for in section 1 of part 4 (2 Comp. Laws 1915, § 5473). The defendant herein (employer) elected to insure against the liability created by the act in the plaintiff insurance company. The policy issued, in express terms, includes all the statutory provisions imposing obligations on insurance companies carrying such risks. Among them is an undertaking to *"pay to the persons that may become entitled thereto all workmen's compensation for which the insured employer may become liable"* under the provisions of the act. The liability of the insurance company is thus made dependent on the liability of the employer.

Under the act, the employee, if injured, must within three months thereafter give notice thereof to the employer (§§ 5445-5447). There is no provision for notice to the insurance company. The language of other sections assumes that notice has been given by the employer to the insurance company. In all subsequent proceedings both the employer and the insurance company are treated as parties against whom the claim for compensation is made. In this case it appears from the record that both were represented at the arbitration hearing and that they *severally* made application for review of the award before the

full board.   It further appears that at the hearing
on such review the employer and the insurance com-
pany sought to have the board determine the effect
of the failure of the employer to give immediate
notice of the injury to the insurance company but the
board found it had no jurisdiction to decide any such
controversy and determined that "the order in this
case should run against both of them."

Aside from the statutory provisions the relationship
created by the policy is that of indemnitor and in-
demnitee.   The insurance company, having had notice
of the claim for compensation made by the employee
against the employer and having appeared before the
board and contested the claim, is conclusively bound
by the award.

"An obligation to indemnify another against liability
at the suit of third persons implies an obligation to
defend such suit when brought, and the judgment will
bind the indemnitor when he was notified of the action
and called upon to defend it.   This rule applies to
actions on indemnifying bonds given to sheriffs and
other officers by their deputies or by attachment or
execution creditors or claimants of goods under levy."
23 Cyc. p. 1273.

The rule stated was applied by this court in a case
brought on a covenant for quiet enjoyment of posses-
sion contained in a deed.   *Mason* v. *Kellogg*, 38 Mich.
132, 139.   The court said that a covenantor, if given
proper notice of the pendency of the suit brought
against the holder of the title, is "in substance a party,"
and conclusively bound by the judgment entered.   As
pointed out by the Chief Justice, the award in these
proceedings so partakes of the nature of a judgment
that the same rule is applicable thereto.   As between
the employer and the insurance company we have an
award conclusively binding on the latter and as I
can but conclude just as conclusively binding on the
former.   The effect of the statutory provision is to

render such award also conclusively binding on the insurance company as to the employee. Should the employee be compelled to resort to the means provided in the statute for its enforcement (hereinafter referred to) both the employer and the insurance company are precluded from questioning the finding of fact made by the board on which the award is based.

May either of them afterwards question such finding in a proceeding between them to determine their relative liability? The insurance company does not seek to do so. It plants its right to recover on the truth of the finding that the employer received notice of the injury from the employee within the time therefor and alleges that his failure to give "immediate written notice thereof" to the company occasioned such a breach of the policy contract as entitled it to recover the money paid by it. It in no way seeks to impugn the integrity of the award made. The employer claims the right to do so. He insists that he may show that he did not receive timely notice from the employee and for that reason the award was not justified as a matter of law and he is not bound thereby. This I think he may not do.

The liability of the insurance company is predicated on the liability of the employer. To sustain his claim the employee must prove that he gave the notice required by the act to his employer. At the arbitration proceedings and again on the hearing on review, both the employer and the insurance company insisted as a defense that such notice had not been given within the time limited therefor by the act. The board found that it had. Without so finding no award against either party could have been made. The award based on such finding fixed the liability of both.

Had not the insurance company paid the award, the employee, on filing a certified copy thereof in

the circuit court without notice to either the employer or insurance company, would have been entitled to a judgment against both of them for the amount of the award, and execution might have issued thereon (§ 5466). Had the property of the employer been levied upon and he compelled to pay the judgment and thereafter brought action to recover the amount paid from the insurance company under the policy, he could but have relied on the validity of the award as the judgment was dependent on it. On the insurance company defending for the reason *that immediate notice was not given to it as required by the terms of the policy,* could the employer then deny that notice was given to him when the award and judgment entered thereon, of which he is seeking to enforce payment under the terms of the policy, is based and founded on a finding that it was given? I think clearly not.

The insurance company, instead of awaiting the entry of such judgment and the enforcement of its liability in the manner suggested, paid the amount found due under the award and order of the board. Such payment was made, as stated by counsel for the employer in their brief, "with the consent of the appellant." I think the employer, in this action, is estopped from disputing the finding of the board that notice was given him. By so doing he seeks to set aside the award; to deny the existence of a fact without proof of which an award could not have been made.

I do not think the authorities cited by Chief Justice FELLOWS are applicable owing to the peculiar relationship existing between the employer and the insurance company under the provisions of the act. The questions discussed and decided involved the rights and liabilities of defendants where the plaintiff claimed a joint liability either under contracts or as joint tort

feasors. The judgment in such cases is only determinative of the liability of the defendants, either or both, to the plaintiff. Their rights *inter se* are not involved only so far as it may be necessary to ascertain them in order to determine the right of the plaintiff to a judgment against either or both. The distinction is, I think, apparent and very clear. The employee could not and did not seek to establish any liability on the part of the insurance company. When, however, he established a liability on the part of his employer in the nature of an award for compensation based on findings of fact supported by competent evidence, the liability of the insurance company became fixed by the terms of the policy and the provisions of the statute.

I cannot concur in holding that an employer may relieve himself from liability for breach in the contract of insurance by showing that the board was in error in its finding of a fact on which the right of the employee to recover was dependent. To do so will open the door to fraud and collusion between the employer and employee. If the question of timely notice can again be litigated, may not the employer produce evidence to support his claim, withheld on the hearing before the board, thus jeopardizing the rights of the insurance company? In my opinion the employer is estopped from denying the truth of the finding that it had timely notice of this accident.

The judgment will be affirmed.

WIEST, CLARK, BIRD, MOORE, and STEERE, JJ., concurred with SHARPE, J.