*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NARESH PATEL,

        Plaintiff-Appellant,

v

ASIAN AMERICAN HOTEL OWNERS
ASSOCIATION, INC., and DILIPKUMAR PATEL,
also known as DIPAK PATEL,

        Defendants-Appellees,

and

BIRAN PATEL, NISHANT PATEL, VINAY
PATEL, JAGRUTI PANWALA, RACHEL
HUMPHREY, KATHRYN STONE, HITESH H. P.
PATEL, also known as HITEXH H. P. PATEL,
CHIP ROGERS, BOARD OF DIRECTORS OF
ASIAN AMERICAN HOTEL OWNERS
ASSOCIATION, INC., SURAT VALSAD SAMAJ
OF DETROIT, also known as SURAT/VALSAD
SOCIAL CLUB OF MICHIGAN, BABU PATEL,
NAYANA PATEL, and VIPUL PATEL,

        Defendants.

UNPUBLISHED
November 19, 2025
1:33 PM

No. 369391
Wayne Circuit Court
LC No. 19-008437-CB

Before: K. F. KELLY, P.J., and BORRELLO and CAMERON, JJ.

PER CURIAM.

        Plaintiff[1] appeals as of right the trial court's August 23, 2023 order granting the motions for summary disposition filed by defendants Asian American Hotel Owners Association, Inc.,

---

[1] It appears from the record that plaintiff is also known as Nick Patel.

(AAHOA) and Dilipkumar (Dipak) Patel,[2] and dismissing plaintiff's complaint in its entirety based on the court's conclusion that the action was barred by res judicata and collateral estoppel. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This case arises out of allegations regarding the misuse of AAHOA funds while plaintiff was on the AAHOA Board of Directors and the subsequent arbitration proceedings that followed in the wake of those allegations. Plaintiff has been a "lifetime member" of the AAHOA since 2007, and plaintiff is also a member of the Surat Valsad Samaj of Detroit (the Samaj). The AAHOA is a Georgia non-profit corporation, and the Samaj is a Michigan non-profit entity. On April 14, 2017, plaintiff was elected to the Board of Directors of the AAHOA, serving the North Central Region that encompasses Michigan, Indiana, and Ohio. Dipak is also a committee member or director of the Samaj and a former director of the AAHOA for the North Central Region. Plaintiff replaced Dipak on the AAHOA board when Dipak became ineligible, pursuant to AAHOA rules, to run for a third term on the board without first taking a one-year hiatus. In March 2018, Dipak was again eligible to run for a position on the board.

In October 2017, plaintiff sought and received $1200 from the AAHOA to sponsor a holiday party to be hosted by the Samaj on December 23, 2017. In August 2018, AAHOA President and CEO Chip Rogers sent plaintiff an email indicating that it had been discovered that the December 2017 holiday party did not take place and requesting a refund of the sponsorship money on behalf of the AAHOA.

On October 22, 2018, Dipak submitted an ethics complaint to the AAHOA alleging that although the AAHOA had given $1200 to the Samaj to sponsor an event, the event was never actually held. The ethics complaint further alleged that plaintiff had provided false information and "[t]otally lied to AAHOA." Plaintiff claimed that the holiday party had been postponed due to "lack of . . . attendance," and was rescheduled for February 17, 2018.

The matter went to arbitration through Bay Mediation and Arbitration Services, in accordance with the AAHOA Ethics and Enforcement Policy. The parties selected the arbitrators and signed the Bay Mediation and Arbitration Services Agreement to Arbitrate. The parties also signed a consent waiver of oral arbitration hearing and agreed that the arbitrators would decide the issues based solely on the evidentiary submissions provided by the parties.

In a May 17, 2019 written arbitration award, the arbitrators found that there was a lack of evidence that the February 17, 2018 event occurred as a replacement for the December 2017 holiday party and that the sponsorship money had not been returned to the AAHOA. The arbitration panel thus concluded that plaintiff committed an ethics violation by accepting the sponsorship funds from the AAHOA for an event that was not held without returning the sponsorship funds to the AAHOA. The arbitration panel concluded:

---

[2] Because many parties in this action have the same last name, we will refer to this defendant as "Dipak" in this opinion. We will refer to plaintiff as "plaintiff."

4. According to the binding procedures for the arbitrators set forth in the AAHOA Ethics & Enforcement Policy, arbitrators considering ethics violations are only permitted to issue reprimands and then, only one of eight specific reprimands (set forth on pages 191 and 192 of the Ethics & Enforcement Policy).

5. Accordingly, the Arbitrators conclude that [plaintiff] should be reprimanded by being removed from the Board of Directors and being suspended from committee participation or Board elections for a period of eighteen (18) months (Option "e" of available reprimands).

On June 17, 2019, plaintiff filed the present action in the circuit court. The complaint included counts designated as breach of contract, declaratory relief, defamation, fraud and misrepresentation, civil conspiracy, conversion, tortious interference with business relationship, breach of fiduciary duty, unfair competition, and equitable relief.

In his complaint, plaintiff alleged that Dipak had filed a "false and fraudulent ethics complaint with AAHOA" and had "orchestrated and created the alleged breach of AAHOA protocol in on behalf of the Samaj and through an agreement and conspiracy with the certain directors of the Samaj to accept the funds from AAHOA and either a) not use the funds for the purposes represented by Dilipkumar [Dipak] Patel, the Samaj and the certain directors of the Samaj, or b) use the funds as represented by Dilipkumar [Dipak] Patel, the Samaj and the certain directors of the Samaj and then to subsequently deny the same in an attempt to create the false and fraudulent ethics violation, subsequent complaint, and removal of Plaintiff from his directorship with AAHOA."

Furthermore, plaintiff alleged that he had submitted evidence in the arbitration proceedings demonstrating that the Samaj had used the AAHOA funds for the intended event and that if the funds were misused, such misuse was actually under the direction of Dipak, who had direct control along with his wife over the funds that the Samaj had received from the AAHOA. Plaintiff additionally contended that the arbitration panel wrongfully concluded that he had committed an ethics violation because the wrongful acts were actually committed by Dipak working in concert with other Samaj members. Plaintiff alleged that pursuant to the AAHOA Human Resources Manual, the arbitration panel was only authorized to make non-binding recommendations and that the publication by AAHOA of plaintiff's removal from his director position constituted a false and defamatory statement. Plaintiff further maintained that the manner of his removal violated the AAHOA bylaws and that the AAHOA lacked the authority to remove him solely based on the arbitration panel's recommendation.[3]

---

[3] Defendants Babu Patel and Vipual Patel were voluntarily dismissed by plaintiff. On November 5, 2019, the trial court entered an order (1) dismissing defendants Biran Patel, Nishant Patel, Vinay Patel, Jagruti Panwala, Rachel Humphrey, Kathryn Stone, Hitesh H.P. Patel, and Chip Rodgers for lack of personal jurisdiction and (2) dismissing defendant Board of Directors for the AAHOA because it was not a legal entity capable of being sued. Defendants Nayana Patel and the Samaj were also dismissed pursuant to plaintiff's stipulation.

On January 25, 2022, the trial court entered an order granting partial summary disposition in favor of Dipak to the extent that plaintiff was prohibited from recovering based on statements that Dipak made to the arbitration panel because such statements were privileged and plaintiff's conversion claim was dismissed for lack of standing. The trial court also granted partial summary disposition in favor of the AAHOA to the extent that plaintiff's defamation claim was dismissed for failure to state a claim. The trial court denied summary disposition with respect to both Dipak and the AAHOA on the grounds of res judicata and collateral estoppel because

> those doctrines apply only when a prior ruling constitutes a final judgment, and it is undisputed that the Georgia arbitration award was never reduced to judgment. Thus, the arbitration award does not preclude any of the claims asserted in this case, at least not on grounds of res judicata or collateral estoppel.

This Court peremptorily reversed, stating as follows:

> Pursuant to MCR 7.205(E)(2), in lieu of granting leave to appeal, those portions of the Wayne Circuit Court's January 25, 2022 opinion and order concerning appellant's motion for summary disposition are VACATED and this matter is REMANDED to that court for further proceedings consistent with this order. The trial court erred by holding that neither res judicata nor collateral estoppel were applicable here merely because it was "undisputed that the Georgia arbitration award was never reduced to judgment." Well established law holds just the opposite. See generally *Lumbermen's Mut Cas Co v Bissell*, 220 Mich 352, 354; 190 NW 283 (1922) ("The award of arbitrators, acting within the scope of their authority, determines the rights of the parties as effectually as a judgment secured by regular legal procedure, and is as binding as a judgment, until it is regularly set aside or its validity questioned in a proper manner. Their decision on matters of fact and law is conclusive, and all matters in the award are thenceforth res adjudicata, on the theory that the matter has been adjudged by a tribunal which the parties have agreed to make final, a tribunal of last resort for that controversy.") (quotation marks and citation omitted); *Cole v West Side Auto Employees Fed Credit Union*, 229 Mich App 639,647; 583 NW2d 226 (1998); *Hopkins v City of Midland*, 158 Mich App 361, 370; 404 NW2d 744 (1987). On remand, the trial court shall reconsider appellant's motion for summary disposition in light of this order. In all other respects, leave to appeal is DENIED for failure to persuade this Court of the need for immediate appellate review. [*Patel v Asian American Hotel Owners Association Inc.*, unpublished order of the Court of Appeals, entered May 6, 2022 (Docket No. 360635).]

On remand, the trial court issued a written opinion and order, concluding that plaintiff's claims were barred by res judicata and collateral estoppel. First, the trial court explained that it understood this Court's order as an instruction to "only consider whether res judicata or collateral estoppel is applicable to an arbitration panel's determination," while leaving undisturbed the trial court's earlier decision dismissing certain claims. Next, the trial court concluded as follows:

> As to the application of res judicata, there is no doubt that the claims made herein are identical to the claims made in arbitration, or at the least, stem from the

-4-

ethics violation claims made in arbitration. They are predicated on the same underlying transaction that was litigated in a prior case, which was the Ethics Complaint made by Dipak Patel. The arbitration proceeding was decided on the merits of the Ethics Complaint involving the same parties and the first action was decided. Plaintiff could have submitted his claims to arbitration because they all derive from the same transaction. Hence, Plaintiff is precluded from "relitigation of a claim when it is predicated on the same underlying transaction that was litigated in a prior case."

Regarding the application of collateral estoppel, identical issues of fact were resolved in arbitration where the same parties had a fair opportunity to litigate the issue in the arbitration proceeding. The remaining question is whether the "prior judgment can be clearly, definitely, and unequivocally ascertained." It is clearly [sic] from the arbitration award that the panel "clearly, definitely, and unequivocally" issued a reprimand for removal of Plaintiff from the Board of Directors for an ethics violation. [Citations omitted.]

The trial court also concluded that because arbitration is a matter of contract, the arbitration panel's decision and award were binding pursuant to the agreement to arbitrate that was signed by both plaintiff and Dipak. The court found no violation of the AAHOA governing documents, and the court concluded that the arbitration matter was decided on the merits and involved the same parties as the instant litigation. Determining that all of plaintiff's claims were barred by res judicata and collateral estoppel, the trial court granted summary disposition in favor of the remaining defendants and dismissed the remainder of plaintiff's claims.

The trial court denied plaintiff's motion for reconsideration. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). The trial court in this case granted summary disposition and cited MCR 2.116(C)(7), (8), and (10).

Summary disposition is warranted under MCR 2.116(C)(7) if "[e]ntry of judgment, dismissal of the action, or other relief is appropriate because of . . . prior judgment, . . . an agreement to arbitrate or to litigate in a different forum, . . . or other disposition of the claim before commencement of the action." See also *Altobelli v Hartmann*, 499 Mich 284, 295; 884 NW2d 537 (2016). In reviewing a motion under this subrule, the "contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Maiden*, 461 Mich at 119.

MCR 2.116(C)(8) provides that summary disposition is proper if "[t]he opposing party has failed to state a claim on which relief can be granted." When addressing a motion under this subrule, a court decides the motion on the pleadings alone and accepts all factual allegations as true. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*.

Summary disposition may properly be granted under MCR 2.116(C)(10) if "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A reviewing court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion," and the motion may only be granted if there is no genuine issue of material fact. *El-Khalil*, 504 Mich at 260. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

This Court reviews "de novo the application of legal doctrines, such as res judicata and collateral estoppel." *C-Spine Orthopedics, PLLC v Progressive Mich Ins Co*, 346 Mich App 197, 202; 12 NW3d 20 (2023). "Arbitration is a matter of contract." *Altobelli*, 499 Mich at 295 (quotation marks and citation omitted). This Court reviews de novo the interpretation of contract language and whether a particular issue is subject to arbitration. *Id*. "Whether an arbitrator exceeded his contractual authority is an issue for judicial determination." *Port Huron Area Sch Dist v Port Huron Ed Ass'n*, 426 Mich 143, 152; 393 NW2d 811 (1986).

III. ANALYSIS

On appeal, plaintiff challenges the trial court's ruling that his claims were barred by res judicata and collateral estoppel as a result of the arbitration panel's decision.

Both the legal doctrines of res judicata and collateral estoppel may operate to prevent a party from relitigating a claim or issue. *C-Spine Orthopedics*, 346 Mich App at 203. "Courts use the doctrine of res judicata to prevent multiple suits litigating the same cause of action." *Id*. "Res judicata requires that (1) the prior action was decided on the merits, (2) the decree in the prior action was a final decision, (3) the matter contested in the second case was or could have been resolved in the first, and (4) both actions involved the same parties or their privies." *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 10; 672 NW2d 351 (2003). " 'Michigan courts have broadly applied the doctrine of res judicata' " and " 'have barred, not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not.' " *C-Spine*, 346 Mich App at 203, quoting *Dart v Dart*, 460 Mich 573, 586-587; 597 NW2d 82 (1999). "Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical." *Dart*, 460 Mich at 586. " 'If the same facts or evidence would sustain both, the two actions are the same for the purpose of res judicata.' " *C-Spine*, 346 Mich App at 203, quoting *Peterson Novelties*, 259 Mich App at 11.

"Whereas res judicata involves preclusion of an entire claim, collateral estoppel focuses on preclusion of a specific issue." *C-Spine Orthopedics*, 346 Mich App at 204. "Generally, for collateral estoppel to apply three elements must be satisfied: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full [and fair] opportunity to litigate the issue; and (3) there must be mutuality of estoppel," although there are certain exceptions to the mutuality requirement. *Monat v State Farm Ins Co*, 469 Mich 679, 682-684, 688; 677 NW2d 843 (2004) (quotation marks and citation omitted; alteration in original).

As this Court recognized in its peremptory order, our Supreme Court has stated that res judicata and collateral estoppel may still apply to preclude claims or issues when the prior judgment resulted from arbitration rather than a judicial proceeding:

> The award of arbitrators, acting within the scope of their authority, determines the rights of the parties as effectually as a judgment secured by regular legal procedure, and is as binding as a judgment, until it is regularly set aside or its validity questioned in a proper manner. Their decision on matters of fact and law is conclusive, and all matters in the award are thenceforth *res adjudicata*, on the theory that the matter has been adjudged by a tribunal which the parties have agreed to make final, a tribunal of last resort for that controversy. [*Lumbermen's Mut Cas Co v Bissell*, 220 Mich 352, 354; 190 NW 283 (1922) (FELLOWS, C.J., dissenting) (quotation marks and citation omitted); accord *id*. at 363-364 (opinion of the Court) (concurring with the dissent to the extent that a party may be bound by an arbitration award).]

However, an "arbitrator can bind the parties only on issues that they have agreed to submit to him." *Port Huron*, 426 Mich at 152 n 8. In *Port Huron*, our Supreme Court held that the arbitration award at issue was unenforceable because, "[i]n granting the award, the arbitrator clearly exceeded the scope of his authority as expressly circumscribed in the arbitration contract." *Id*. at 146. The Court explained the relevant legal framework in pertinent part as follows:

> It is well-settled . . . that courts refrain from reviewing the merits of an arbitration award when considering its enforcement. To that extent, judicial review of an arbitrator's decision is very limited; a court may not review an arbitrator's factual findings or decision on the merits.
>
> * * *
>
> The legal basis underlying this policy of judicial deference is grounded in contract: the contractual agreement to arbitrate and to accept the arbitral decision as "final and binding." . . . Arbitration contracts may vary, according to their specific terms, in the scope of the matters entrusted to final and binding arbitration, and in the arbitral authority conferred to resolve disputes concerning such matters. An arbitrator's jurisdiction and authority to resolve a particular dispute concerning the appropriate interpretation of a collective bargaining agreement derives exclusively from the contractual agreement of the parties; an arbitrator possesses no general jurisdiction to resolve such matters independent of the arbitration contract.
>
> There is no contention, in the present case, that the merits of the award here in question are subject to review. The only issue is whether the arbitrator, in granting the award, disregarded the terms of his employment and the scope of his authority as expressly circumscribed in the arbitration contract. Parties consenting to arbitration pursuant to written agreements consent to arbitrate within the framework of the terms and conditions of such agreements. An arbitrator who refuses to recognize the terms and conditions expressly circumscribing his

jurisdiction and authority in resolving a submitted dispute, thereby exceeding the limits upon which the contractual submission is based, exceeds the consensual authority bestowed upon him by the contract, and the award resulting therefrom is without legal sanction. Whether an arbitrator exceeded his contractual authority is an issue for judicial determination. [*Id*. at 150-152.]

Here, plaintiff's fundamental contention is that the AAHOA board's decision to remove plaintiff from his position on the board was outside the scope of the matter submitted to arbitration because the AAHOA governing documents did not authorize the arbitration panel to remove plaintiff from the board without further discretionary ratification from the board. Consequently, plaintiff maintains that he was not precluded by res judicata or collateral estoppel from litigating the propriety of his dismissal from the board. This Court must therefore determine the scope of the matters actually submitted to the arbitrators' authority. *Port Huron*, 426 Mich at 150-151.

The Ethics and Enforcement Policy was attached to plaintiff's complaint. This policy provided as follows:

**Policy**

The governing documents of the Association are intended to advance the interests of the members. A violation of any policy and/or procedure contained in a governing document may be considered an ethics violation.

**Arbitration**

So as to provide for an unbiased review of any ethics complaint, a panel of three (3) arbitrators shall be the adjudicator of all breach complaints. The arbitration firm, which employs the three (3) arbitrators will be selected by the President and the firm will be refreshed every three (3) years.

**Procedures**

**1** Any member, Board member, or management staff member shall have the right to submit an Ethics Complaint form, as provided by the President.

**2** Complaints shall be submitted to the President. Complaints may not be anonymous. Complainants must submit substantial information and verifiable facts in the form of supporting documentation.

**3** Within ten (10) days of receipt, the President and Director of Internal Governance shall review the allegation to determine whether the alleged misconduct, if true, would constitute a violation of the AAHOA Code of Conduct associated with the position of the person against whom the violation is alleged. If it does not meet that criterion, the complaint will be dismissed and the Complainant sent a formal written explanation or it will be returned to the Complainant for any missing information.

**4** No later than the tenth (10th) day following receipt, complaints meeting the criteria above will be forwarded to the arbitration firm.

**5** The arbitrators shall give each party due consideration, review all evidence presented by the parties and determine whether there has been a violation. At the conclusion of the arbitration process, the arbitrators will present their written report to the named parties and the Board.

**6** Arbitrators may recommend one of the recommendations below. If the arbitrators decide disciplinary action is necessary, the arbitrators may decide whether the recommendation is communicated to the Ambassadors and Past Chairmen, taking into consideration the effect on AAHOA's public image.

Upon determining the original complaint was frivolous the arbitrators may rule against the individual filing the original complaint. Any person filing a frivolous complaint may be subject to the recommendations below.

Such decision shall be communicated within 72 hours of receipt by the President via electronic mail to the address provided in the AAHOA member database.

The arbitrators reprimands will be limited to the following:

a. No disciplinary action be taken

b. A written warning

c. Notice of public censure by the Board of Directors; such notice shall be delivered via electronic mail by the Chairman/Chairwoman of the Board of Directors to the Ambassadors and the Past Chairmen.

d. Timed suspension from position

e. *Removal from position and timed ineligibility for committee participation or Board elections*

f. Removal from position and permanent revocation of committee participation or Board election privileges

g. Timed suspension of membership

h. Permanent cancellation of membership

**7** *The arbitration panel's determinations will be final and do not need to be confirmed or approved by the Board.*

**8** In the event the arbitrators recommend *permanent* cancellation of membership, the Board will review the report and may overturn the arbitrators'

decision with a vote of no less than 75% of the members of the Board of Directors. [Emphasis added.]

Article II, Section 5(b) of the AAHOA bylaws stated:

A member of the Association may have their membership status permanently cancelled by an arbitrator made in compliance with the AAHOA policy established by the Board of Directors, or by a vote of the Board of Directors for egregious behavior not contained in the governing documents of the association. Permanent cancellation of membership for any reason *other than a decision by an arbitrator* shall be by no less than two thirds (2/3) majority vote of the entire Board of Directors at any meeting at which a quorum is present, provided that at least fifteen (15) days before a final vote is taken by the Board of Directors, a written statement of notice of consideration of permanent cancellation of membership is sent via certified mail to the last recorded address of the member or via electronic messaging with return receipt confirmation.

This written statement shall be accompanied by a notice of the date, time and location of the meeting of the Board of Directors at which the reasons or charges for the permanent cancellation of membership shall be considered and deliberated. The member shall have an opportunity to contest the proposed permanent cancellation of membership in writing or in person, before the Board of Directors at the set meeting.

Article IV, Section 10 of the bylaws provided:

**10. Removal for Cause or Unexcused Absences.**

Any Officer or Director may be removed only for cause by a three-quarters (3/4) vote in favor of removal of the eligible voting members of the Board, with the individual proposed to be removed not voting, if notice of the purpose of acting upon such removal shall have been given in the notice calling such Board meeting, and at the same time also given to the Officer or Director who is the subject of the meeting concerning the proposed removal. Cause is defined as a crime involving moral turpitude or an action taken specifically to cause substantial harm to the Association. The individual shall be provided advance written notice of consideration of removal, and notice of an opportunity to contest the proposed removal in writing or in person, at the meeting of the Board at which the removal is deliberated. A Board member's absence for two (2) unexcused consecutive Board meetings shall be considered a resignation and shall result in automatic removal from the Board.

Finally, the record also contains a copy of the agreement to arbitrate, signed by both plaintiff and Dipak on February 1, 2019. The arbitration agreement provided in relevant part:

For good consideration, the undersigned parties hereby agree to submit the aforesaid legal dispute to an arbitration proceeding in accordance with the

Arbitration Rules of BAY Mediation and Arbitration Services, LLC ("BAY Rules") and as follows:

1. ARBITRATION PROCESS. Arbitration is an adversarial procedure resulting in an Award by the Arbitrator(s).

2. GOOD FAITH. By signing this agreement, all parties pledge to cooperate and participate in good faith in all Arbitration sessions.

3. ARBITRATOR'S ROLE. The Arbitrator(s) will act as a judge and will not offer legal advice. The Arbitrator(s) will be neutral and impartial.

The Arbitrators' opinions and Award SHALL be **BINDING** on all parties.

Hence, contrary to plaintiff's assertions, the relevant documents quoted above specifically authorized the arbitration panel to issue a binding award—which did not require further board approval—removing plaintiff from his board position and rendering him ineligible for committee participation or board elections for a specified time. The Ethics and Enforcement Policy expressly provided that ethics complaints would be adjudicated by a panel of arbitrators to determine whether an ethics violation occurred, and the policy further stated that the arbitrators were authorized to decide that disciplinary action was necessary, including "Removal from position and timed ineligibility for committee participation or Board elections." Moreover, the policy expressly stated that the "arbitration panel's determinations will be final and do not need to be confirmed or approved by the Board." Plaintiff and Dipak also signed an arbitration agreement that specifically indicated that the arbitration proceedings for the ethics complaint against plaintiff would result in an award that would be binding on the parties.

Although plaintiff argues that the bylaws require a board vote before a board member may be removed from the board, those sections of the bylaws do not irreconcilably conflict with the Ethics and Enforcement Policy or arbitration agreement. The bylaws provisions merely address other circumstances when a board member may be removed, or when a member's membership may be cancelled, and explain the procedures for doing so. Nothing in those provisions states that an arbitration panel may not issue an opinion and award reprimanding a board member by removal and suspension from board eligibility based on a finding that an ethics violation was committed.

Plaintiff therefore has not demonstrated that the trial court erred by granting summary disposition in favor of Dipak and the AAHOA.

Affirmed. Defendants having prevailed in full are entitled to costs. MCR 7.219.

/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello
/s/ Thomas C. Cameron

-11-