**HOAGE, Deputy Commissioner, et al. v. TERMINAL REFRIGERATING & WAREHOUSING CO. et al.**

No. 6402.

United States Court of Appeals for the District of Columbia.

Argued May 9, 1935.

Decided June 17, 1935.

Leslie C. Garnett, John J. Wilson, Chauncey Brown, and James P. Donovan, all of Washington, D. C., for appellants.

Norman B. Frost and Frank H. Myers, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRO-NER, Associate Justices.

MARTIN, Chief Justice.

This is an appeal from a decree of the lower court setting aside and enjoining the enforcement of a compensation order made by the Deputy Commissioner of com-·pensation, in a suit brought under section 21 (b), 33 USCA § 921 (b), the District of Columbia Workmen's Compensation Act Longshoremen's and Harbor Workers' Compensation Act (chapter 509, 44 Stat. 1424, as amended by the Act of May 26, 1934, c. 354, 48 Stat. 806; 33 U. S. C. 901 et seq., 33 USCA § 901 et seq.), made applicable to the District of Columbia as a workmen's compensation law by the Act of May 17, 1928 (chapter 612, 45 Stat. 600, D. C. Code, tit. 19, §§ 11, 12).

The employer involved in the present case is the Terminal Refrigerating & Warehousing Company; the insurance carrier is the Indemnity Insurance Company of North America; the employee is Robert Bennett.

It appears that on April 6, 1930, the employee sustained an injury which arose out of and in the course of his employment. He was engaged at the time in demolishing a building of the employer when he was struck by a falling timber causing a severe injury to his head.

The insurance carrier paid compensation to the employee without an award for the period extending from April 7, 1930, the date of the injury, to June 15, 1930, inclusive, a period of 10 weeks, at the rate of $17.03 per week in the total sum of $170.30. The employee then returned to his work and was given very light employment with wages at $28 per week. After the employee continued in this employment for some months, his condition became worse, and on December 22, 1930, he was taken off the work entirely. He was then placed on a vacation status for a period of 10 days, and he then returned to work and continued to receive his regular pay until November, 1931, but because of his condition he was unable to perform any duties during that period.

On July 1, 1931, a formal claim for compensation was filed for the employee with the Deputy Commissioner, and a hearing was had thereon. Afterwards, on April 19, 1932, the Deputy Commissioner filed a compensation order rejecting the claim on the ground that the employee "failed to file his claim for recurring disability within one year from the date of the last payment of compensation as required by section 13 (a) of the act [33 US CA § 913 (a)]."

Afterwards, to wit, on May 17, 1932, the employee filed with the Deputy Commissioner a petition for a rehearing and modification of the compensation order, claiming therein that he had been paid compensation continuously by his employer subsequent to June 15, 1930, at which time the last payment of compensation by the insurance carrier was made, and that by reason thereof his claim was reasonably filed under the statute. The Deputy Commissioner, after hearing the employee's petition, filed a compensation order rejecting it.

On June 9, 1933, the employee was adjudged of unsound mind by the Supreme Court of the District of Columbia, and Margaret L. Spindler was appointed and

qualified as committee of his property and estate.

On July 7, 1933, the committee filed with the Deputy Commissioner on behalf of the employee as her ward a formal claim for compensation alleging therein that the employee was non compos mentis from April 6, 1930, the time of the accident, as a result of the injury he sustained on that date. The Deputy Commissioner refused to take any action thereon. Whereupon, the committee filed in the Supreme Court of the District of Columbia a petition for a writ of mandamus seeking to have the court require the Deputy Commissioner to proceed with a hearing upon the claim for compensation filed by the committee. After the Deputy Commissioner had filed his answer to the petition for mandamus, and while final disposition was pending, the parties entered into an agreement that the Deputy Commissioner should hold a hearing on the claim filed by the committee, in order to determine the mental competency of the employee as of and prior to the date when the first claim was filed for compensation on his behalf. The committee's petition for writ of mandamus accordingly was dismissed by consent, and pursuant to the agreement between the parties the Deputy Commissioner held a hearing on the claim filed by the committee. Based on the evidence adduced at this hearing, the Deputy Commissioner on June 5, 1934, filed a compensation order and award of compensation in favor of the committee on behalf of the employee in which he found, among other things, that the employee had been non compos mentis from and after the date of the head injury sustained by him on April 6, 1930, until the appointment of the committee.

The award of the Deputy Commissioner directed the payment of compensation to the committee of the employee from April 7, 1930 to May 31, 1934, inclusive, except for the period from June 16, 1930 to May 19, 1930, at the rate of $17.03 per week, less the sum of $170.30 heretofore paid, and to continue such weekly payments until the further order of the Deputy Commissioner, also to pay medical, hospital, and other care, and attorneys' fees.

The employer and insurance carrier thereupon began the present suit in the Supreme Court of the District of Columbia by filing "injunction proceedings" to sus-

pend or set aside the compensation order. By leave of court the committee was permitted to intervene. The Deputy Commissioner and the committee filed separate motions to dismiss, which were overruled by the court. The court thereupon by a final decree adjudged, ordered, and decreed that the compensation order dated June 5, 1934, was not in accordance with law, and it was set aside, and defendants were permanently restrained and enjoined from enforcing the same. From this decree the present appeal is taken.

We are of the opinion that the lower court erred in entering the decree herein appealed from.

It is contended by the employer and the insurance carrier as appellees that the employee's claim for compensation is barred by limitations under the provisions of section 13 (a) of the Workmen's Compensation Act, supra, which provides that the "right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within one year after the injury. * * *" In subdivision 13 (c) of the Act (33 USCA § 913 (c), however, it is provided that: "If a person who is entitled to compensation under this chapter is mentally incompetent or a minor, the provisions of subdivision (a) shall not be applicable so long as such person has no guardian or other authorized representative, but shall be applicable in the case of a person who is mentally incompetent or a minor from the date of appointment of such guardian or other representative. * * *"

Therefore, in this case if the employee was "mentally incompetent" from the time of his injury up to the time when a committee was appointed for him, the limitations contained in subdivision 13 (a) do not apply. And this would be true regardless of the fact that during the intervening period applications for compensation had been filed with the Deputy Commissioner by or on behalf of the employee. It appears that from the time of his injury up to the time of the appointment of his present committee the employee was not represented in these proceedings by any guardian or other representative. Therefore, in contemplation of law, the employee if mentally incompetent was not a party in the proceedings had under the respective claims for compensation filed with the Deputy Commissioner in his name.

■ It is also claimed by the employer and the insurance carrier that the rejections by the Deputy Commissioner of the respective claims filed by the employee or on his behalf for compensation have the force of res judicata and bar the allowance of the present claim. But if the employee was non compos mentis at the time when these hearings were had and the rejections were made, and was not represented by a guardian or other representative, the rejections would not have the effect of a lawful adjudication of the rights of the employee. In other words, the considerations which apply to the limitation of section 13 (a), supra, apply likewise to the contention that the rejections should serve as res judicata. It may be added that the doctrine of res judicata applies to the judgments of courts, and it is doubtful whether it would apply to the decisions of an administrative officer such as the Deputy Commissioner of compensation. This suggestion, however, is unnecessary in the present case because plainly if the employee was not lawfully before the Commissioner at the time of the former rejections of the claims filed in his behalf, there would be no adjudication under the rule of res judicata.

■ The testimony contained in the record supports the Deputy Commissioner's finding that the employee was "mentally incompetent" from the time of his injury to the time when his committee was appointed.

The injury suffered by the employee was one which was likely to permanently affect his mental condition. He was knocked unconscious by a falling timber which struck him on the head, and after recurring spells of unconsciousness he was subjected to a very serious surgical operation. A subtemporal operation was performed which required a removal of a portion of the skull about 3 inches in diameter. An extradural blood clot was found in the opening, which was removed. There was a hemorrhage from his left ear and a left facial paralysis, as well as paralysis of the left abducens nerve, which is the nerve that controls the eye in certain motions. The testimony indicates that the brain itself was scarred. After the op-

eration the patient was deaf in his left ear and had a left facial paralysis which may have been brought about by the fracture, and also the sixth cranial nerve was injured. He was stuporous for 3 or 4 days, but gradually cleared up, although he was irrational and confused for several days. There was a period of about 10 days before he was mentally oriented. The surgeon who performed the operation testified that: "This was just about as severe an injury as a man could have other than killing him, and whatever we would get in the other types of severe injury we would get here. This injury to his head, I believe, outside of killing him, was just about as severe an injury as an ordinary man would suffer, and I feel that most any sequela that we find in severe injuries to the brain could possibly have been in this case." After the operation the employee constantly suffered from a severe pain in his head and would sit with his head between his hands trying to get it into a position which would alleviate the pain, and from the time of the injury his conduct was abnormal and indicated a condition of serious mental disturbance. At times, while holding his head between his hands, he would suddenly arise without cause or explanation and run away an indefinite distance as if to escape injury. It is true that he was not a raving maniac, but, nevertheless, he had lost the control of his mental faculties to a point which may fairly be described as mental incompetency.

After the time of his injury he was unable to perform in a normal manner the work which he had been accustomed to perform theretofore. The two claims for compensation filed by him with the Deputy Commissioner were brought about by the influence of other persons and were not the products of his own intelligence and will. We therefore find that the Deputy Commissioner's award of compensation to the committee for the employee was "in accordance with law," and should not be suspended or set aside.

The decree of the lower court is reversed, and this cause is remanded, with instructions to dismiss the bill of complaint filed therein by the present appellees.