**TRUPASSO v. McKIE LIGHTER CO.**
**Civil Action No. 7253.**

United States District Court
D. Massachusetts.
June 11, 1948.

642

Schneider, Reilly & Bean and Stephen S. Bean, all of Boston, Mass., for plaintiff.

Badger, Pratt, Doyle & Badger, Paul R. Frederick, and Charles C. Petersen, all of Boston, Mass., for defendant.

SWEENEY, District Judge.

The plaintiff, as administratrix of her husband's estate, brings this action under the Jones Act, 46 U.S.C.A. § 688, alleging that her husband was injured and killed in the course of his employment with the defendant company by reason of defendant's negligence. Defendant has moved for summary judgment, based upon proceedings before the Massachusetts Industrial Accident Board and an affirming decree of the Massachusetts Superior Court for Suffolk County, where a claim filed by this plaintiff under the Massachusetts Workmen's Compensation Act, G.L.(Ter.Ed.) Mass. c. 152, § 1 et seq., was denied. Defendant claims that the judgment of the Massachusetts court sustaining the dismissal of the claim by the Board operates as res judicata or as an estoppel by judgment, barring recovery in this action.

From the pleadings and evidence taken before the Industrial Accident Board, it appears that the plaintiff's husband was employed by the defendant aboard the lighter Colorado, as a hoisting engineer. On March 14, 1946, he worked until the usual lunch period, at noon. The Colorado was moored at a wharf owned and operated by defendant. The last persons to see him alive were two other workmen. They testified before the Board that they had seen

and talked with him between 12:10 P. M. and 12:20 P. M., as he was walking along the wharf. He had some bread in his possession, and told them he was going to feed some sea gulls. He didn't return to work that afternoon, and on March 19, 1946, a diver found his body at the bottom of the channel alongside the wharf.

The plaintiff filed a claim for compensation under the Massachusetts Workmen's Compensation Act on August 5, 1946. After taking the testimony of eight witnesses, the Member of the Board hearing the claim ruled that plaintiff had " * * * not sustained the burden of establishing by a fair preponderance of the evidence that the employee sustained an injury arising out of and in the course of his employment as a result of which he met his death, and therefore, the claimant's claim for compensation is dismissed." He also found that, " * * * the manner in which the employee sustained these injuries which resulted in his death is undetermined and any inference as to the manner in which he sustained these injuries would be mere speculation and conjecture." This ruling was affirmed on review by a three-man Board, and on a petition to the Massachusetts Superior Court for Suffolk County the findings of the Board were sustained February 2, 1948.

The decree of the state court, in sustaining the Board's ruling that the cause of injury and death is mere speculation and conjecture, is res judicata on the vital issue here as to whether the injury and death were suffered "in the course of his employment" as required by the Jones Act. Plaintiff cannot here attack collaterally the validity of the state court decree so as to deny the validity and force of the finding there made that the cause of the injury and death is mere conjecture. North Pac. S. S. Co. v. Soley, 193 Cal. 138, 223 P. 462. She elected to have the question as to the cause of her husband's death litigated in the manner established by the Massachusetts Workmen's Compensation Act, although it appears she might have tried the matter here initially instead of in the state proceedings. However, now that she has had the issue fully litigated in the state proceedings, she cannot have it tried again

here. "It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action, whether the subsequent action involves the same or a different form of proceeding, or whether the second action is upon the same or a different cause of action, subject matter, claim, or demand, as the earlier action. In such cases it is also immaterial that the two actions are based on different grounds, or tried on different theories, or instituted for different purposes, and seek different relief." 30 Am.Jur. 920–923.

The motion for summary judgment is allowed, and the action is dismissed.