**SEGAL v. TRAVELERS INS. CO.**

Civ. A. No. 3680–50.

United States District Court
District of Columbia.

Dec. 6, 1950.

William B. Harvey, of Washington, D. C., for defendant, for the motion.

N. Meyer Baker, of Washington, D. C., for plaintiff, opposed.

HOLTZOFF, District Judge.

This case presents the question whether the doctrine of *res judicata* is applicable to a determination of an administrative agency when the same issue subsequently arises in a civil action between the same parties in a judicial tribunal.

The plaintiff was involved in an automobile accident while in the performance of duties relating to his employment. A few days later he sustained a heart attack. Claiming that it was a result of the accident, he filed an application for compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. The Travelers Insurance Company carried the employer's insurance under the Act. The Deputy Commissioner held that the heart attack was not due to the accident, but was caused by a pre-existing heart disease. Accordingly, he dismissed the claim for compensation.

The plaintiff then brought this action to recover disability benefits claimed to be due under an accident insurance policy, which he carried also with the Travelers Insurance Company. The latter pleaded that the determination of the Deputy Commissioner was *res judicata* on the issue whether the disability was due to the accident or disease and, therefore, the disability was not compensable under the policy.

The facts not being in dispute, the defendant now moves for summary judgment. The issue presented is whether the decision of the Deputy Commissioner that the heart attack was due solely to a pre-existing disease, is *res judicata* and forecloses the plaintiff from proving in this action that the disability was the sequel of the accident.

In spite of the multiplication of administrative agencies in recent years, there seems to be a strange paucity of authority on this point. Perhaps this is because it rarely happens that the parties to an administrative proceeding and to a civil action subsequently instituted, are the same. In any event, the question must be decided largely on principle, with the aid of a few sporadic expressions in the opinions of the courts.

The starting point of the discussion must be the premise that the administrative process and the judicial process are governed by different principles. They fulfill different functions and operate in separate spheres. Frequently there is a diversity between the procedure of judicial tribunals and that of administrative agencies.

This doctrine was eloquently summarized by Mr. Justice Frankfurter in Federal Communications Comm. v. Pottsville Broadcasting Co., 309 U.S. 134, 142–143, 60 S.Ct. 437, 441, 84 L.Ed. 656, as follows:—"Courts, like other organisms, represent an interplay of form and function. The history of Anglo-American courts and

the more or less narrowly defined range of their staple business have determined the basic characteristics of trial procedure, the rules of evidence, and the general principles of appellate review. Modern administrative tribunals are the outgrowth of conditions far different from those. * * * These differences in origin and function preclude wholesale transplantation of the rules of procedure, trial, and review which have evolved from the history and experience of courts."

It is well established that a determination of an administrative agency is not *res judicata* in another administrative proceeding. Thus, in Churchill Tabernacle v. Federal Communications Comm., 81 U.S.App.D.C. 411, 413, 160 F.2d 244, 246, Groner, C. J., with whom Wilbur K. Miller and Prettyman, JJ., concurred, made the following statement: " * * * *res judicata* and equitable estoppel do not ordinarily apply to decisions of administrative tribunals; for such tribunals are in this respect—and in many others—*sui generis,* and this the Supreme Court has emphasized in warning us that we may not transplant into the realm of administrative law rules of procedure, trial and review which have evolved in the history and experience of courts."

For example, it has been held that the decision of a Board of Special Inquiry to admit an alien, is not *res judicata* and that the matter may be later reopened and the alien excluded on the same grounds as those which were passed upon in the first instance, Pearson v. Williams, 202 U.S. 281, 284–285, 26 S.Ct. 608, 50 L.Ed. 1029. This conclusion has been reached in spite of the fact that the Board of Special Inquiry proceeds quasi-judicially and takes testimony. The alien is entitled to representation by counsel at the hearing, may cross-examine witnesses, and may call witnesses in his own behalf.

■ If a decision in an administrative proceeding is not *res judicata* in a subsequent proceeding of a similar character, it inescapably follows, *a fortiori,* that such a determination is not *res judicata* in a later judicial proceeding.

The precise point presented here was involved in Hoage v. Terminal Refrigerating & Warehousing Co., 65 App.D.C. 5, 8, 78 F.2d 1009, 1012, in which the following statement was made:—"It may be added that the doctrine of *res judicata* applies to the judgments of courts, and it is doubtful whether it would apply to the decisions of an administrative officer such as the Deputy Commissioner of compensation." The Court added that this suggestion was unnecessary to the decision because there had been no binding adjudication in the administrative proceeding, due to the fact that the employee was not lawfully before the Commissioner.

It has been frequently held that a rate-making order is not *res judicata* in a subsequent civil action involving the issue of the validity of the order, Prentis v. Atlantic Coast Line Co., 211 U.S. 210, 227, 29 S.Ct. 67, 53 L.Ed. 150; State Corp. Comm. of Kansas v. Wichita Gas Co., 290 U.S. 561, 567, 54 S.Ct. 321, 78 L.Ed. 500.

■ The defendant relies on the decision of the Circuit Court of Appeals for the Second Circuit, composed of Judges Rogers, Manton, and Mayer, in Dennison v. Payne, 293 F. 333, 341. In that case, however, the statement contained in the opinion on this point was clearly a dictum because the doctrine of *res judicata* was held inapplicable due to lack of identity of parties. 293 F. at page 344. No judicial decision is cited in support of this assertion. In any event as between the dictum in Hoage v. Terminal Refrigerating & Warehousing Co., supra, decided in this jurisdiction, and that of another Court of Appeals, this Court should naturally follow the former.

The defendant also refers to the decision of the United States District Court for the District of Massachusetts in Trupasso v. McKie Lighter Co., 79 F.Supp. 641. That case is, however, distinguishable because there the decision of the administrative agency had been affirmed by a court in a judicial proceeding, and it was the judgment of the court that was deemed *res judicata.* Obviously, if the administrative decision is confirmed by a decree

126

of a judicial tribunal, the issue becomes *res judicata*.

There are, indeed, a few State decisions that seem to support the defendant's contention. They appear to be out of line, however, with the reasoning of the Federal authorities. Moreover, the principal decision that the defendant cites, Lumberman's Mutual Casualty Co. v. Bissell, 220 Mich. 352, 363, 190 N.W. 283, 28 A.L.R. 874, is distinguishable and is not in point. In that case an insurance company, which was an indemnitor, was held bound by an administrative award against its insured. This conclusion rests not on the doctrine of *res judicata*, but on the rule that an indemnitor is bound by a determination against his indemnitee.

It would seem that as a practical matter the doctrine of *res judicata* should not extend to a determination of an administrative agency if the same issue subsequently arises before a judicial tribunal. Administrative agencies proceed with varying degrees of formality. It would be a dangerous doctrine that would extend to the findings of every administrative agency the dignity and solemnity of a binding judgment, to which the principle of *res judicata* would apply. As an illustration, a revocation of some license would hardly be deemed *res judicata* in an action to recover a penalty for the same violation.

Defendant's motion for summary judgment is denied.